IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>ONE JET, INC.,<br><br>　　　　　　　　　Debtor.<br><br>ROSEMARY C. CRAWFORD, Chapter 7 Trustee,<br><br>　　　　　　　　　Movant,<br><br>MUFG UNION BANK, N.A.,<br><br>　　　　　　　　　Respondent. | Bankruptcy No. 2:18-bk-24070<br><br>Chapter 7<br><br>Related Doc. Nos.: |

**MOTION TO CONDUCT RULE 2004 DISCOVERY OF MUFG UNION BANK, N.A.**

Rosemary C. Crawford (the "Trustee"), the chapter 7 trustee for the estate of One Jet, Inc., by and through her undersigned counsel, files this *Motion to Conduct Rule 2004 of MUFG Union Bank, N.A.* (the "Motion"), and in support thereof states as follows:

**JURISDICTION AND VENUE**

1.　　The United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b) (2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.　　The statutory predicates for the relief requested herein are section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure ("FRBP").

**FACTUAL BACKGROUND**

3. On the October 17, 2018, petitioning creditors filed an involuntary petition for relief under chapter 7 of title 11 of the Bankruptcy Code against One Jet, Inc. (the "Debtor").

4. On November 13, 2018, the Court entered an order for relief [Doc. No. 28], granting the Petition against the Debtor.

5. On November 13, 2018, the Trustee was appointed to administer the estate of the Debtor.

6. On February 27, 2019, the Court entered an order authorizing the employment of the law firm of Bernstein-Burkley, P.C. as special counsel for the Trustee ("Special Counsel").

7. MUFG Union Bank, N.A. ("Union Bank") is a national bank with headquarters in San Francisco, California and various branches in several states.

8. Union Bank has a branch located at 1251 Avenue of the Americas, New York, NY 10020.

9. The Trustee has reviewed the Debtor's financial records and has identified accounts held by Union Bank which are relevant to determining the operations and expenditures of Onejet.

10. Previously, on February 12, 2019, Special Counsel sent correspondence (the "Letter") to Union Bank requesting to meet confer to conduct a Rule 2004 Examination of the Records Custodian of Union Bank.

11. Union Bank responded to Letter indicating that they would only respond upon receipt of a subpoena.

12. Subsequently, Special Counsel served a Subpoena for Rule 2004 Examination ("Subpoena") on Union Bank on March 08, 2019. Special Counsel also filed a Motion to Conduct Rule 2004 Discovery of Union Bank.

13. In response to the Motion, Union Bank voluntarily produced responsive documents and the Special Counsel withdrew the Revolving Motion.

14. Upon review of the documents produced by Union Bank, Special Counsel identified additional documents, including other bank accounts, that are required to analyze Onejet's receipt and disbursement of funds.

15. Special Counsel sent a supplemental request to in-house Counsel for Union Bank, and has yet to receive a substantive response or any of the documents requested.

16. To date, Special Counsel and the Trustee have not been able to obtain the requested information which is needed in order to understand various credits and debits from Onejet's bank accounts.

## **RELIEF REQUESTED**

17. By this Motion, the Trustee respectfully requests the entry of an order authorizing the examination of the records custodian of Union Bank under Rules 2004 and 7030 of the FRBP.

18. Bankruptcy Rule 2004(a) provides that on the "motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Bankruptcy Rule 2004(b) provides that an examination under the Rule may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." Fed. R. Bankr. P. 2004(b).

19. Discovery under Bankruptcy Rule 2004 includes within its scope, inter alia, any matter that may relate to the property and assets of the estate; the financial condition of the debtor; and any matter that may affect the administration of a debtor's estate. *See* Fed. R. Bankr. P. 2004(b); see also In re Teleglobe Commc'ns Corp., 493 F.3d 345, 354 n.6 (3d Cir. 2007)

20. "The purpose of the examination is to enable the trustee to discover the nature and extent of the bankruptcy estate." In re Wash. Mut., Inc., 408 B.R. 45, 50 (Bankr. D. Del. 2009).

21. Pursuant to Rule 2004(c), an examination may be conducted "within or without the district in which the case is pending". Fed. R. Bankr. P. 2004(c).

22. Therefore, examination under Rule 2004(b) may include within the scope, among other things: any matter which may relate to the property and assets of the estate; the financial condition of the debtor; any matter which may affect the administration of the estate.

23. A third party who can be shown to have a relationship with the debtor may be subject to a Rule 2004 examination. See In re Ionosphere Clubs, Inc., 156 B.R. 414, 432 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994).

24. Accordingly, The Trustee files this present Motion seeking the following:

　i. Scheduling a Rule 2004 examination of the Records Custodian of Union Bank.

　ii. Requiring Union Bank to produce the following documents prior to such examination, in electronic format if so maintained:

　　a. Any and all account credentials, including electronic sign-in user names and passwords.
　　b. Any and all documents regarding OneJet that are held in electronic form from 2009 to the present.
　　c. All Documents regarding the Accounts ending in x6257 and x1175, including but not limited to bank statements, canceled checks, debit and credit memos, deposit tickets, withdrawal slips and deposited items.
　　d. All Documents regarding accounts held in the name of PrimAir, Inc., including but not limited to bank statements, canceled checks, debit and credit memos, deposit tickets, withdrawal slips and deposited items.
　　e. All Documents and Communications associated with any loans to Debtor, including but not limited to applications, notes, mortgages, credit cards, or other instruments of indebtedness.
　　f. All Documents and Communications regarding security purchases, including but not limited to applications and financial statements, records of the purchase and sale of those securities and/or bonds, and

4

      records of receipt of moneys for the purchase of the securities and/or bonds.

g. All Documents and Communications regarding any safe deposit boxes held by or for the benefit of Debtor.

h. All Documents and Communications regarding Debtor that are in your possession, custody or control, including but not limited to Federal and State tax returns, financial statements, revenue and expense summaries, sales projections, credit reports and ratings, schedules of assets and liabilities along with applicable bank verifications, and officers notes.

i. All Communications with Debtor.

### **RESERVATION OF RIGHTS**

25. The Trustee reserves all rights to serve additional request for documents or examination in the course of her investigation, pursuant to Rule 2004 or otherwise, and to propound discovery in connection with this matter and/or any other matter that may arise in this case.

WHEREFORE, the Trustee respectfully requests the entry of an Order granting this Motion, setting the date, time and location of a 2004 examination of the Union Bank, and requiring the Union Bank to provide all documents prior to such 2004 examination.

Dated: August 6, 2019

Respectfully submitted,

BERNSTEIN-BURKLEY, P.C.

By: */s/ Kerri C. Sturm*
Kerri C. Sturm
PA I.D.: 89838
Kirk B. Burkley, Esq.
PA I.D.: 89511
707 Grant Street
Suite 2200, Gulf Tower
Pittsburgh, PA 15219
Phone: (412) 456-8167
Fax:    (412) 456-8135
Email: ksturm@bernsteinlaw.com
*Special Counsel for Trustee*