## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No.: 18-24070-GLT |
| | : | Chapter: 7 |
| OneJet, Inc. | : | |
| | : | |
| | : | Date: 8/29/2019 |
| Debtor(s). | : | Time: 10:30 |

**FILED**

AUG 29 2019

CLERK, U.S. BANKRUPTCY COURT
WEST DIST. OF PENNSYLVANIA

## PROCEEDING MEMO

***MATTER:***

#220 - Trustee's Motion for Entry of An Order Approving (I) Bidding Procedures for the Sale and (II) Form and Manner of Sale Notice
　　[Response due: 8-12-19]

#222 - Trustee's Motion for Entry of an Order (I) Approving Sale of Substantially All the Debtor's Intellectual Property Free and Clear of Liens, Claims and Encumbrances and (II) Granting Related Relief
　　#234 - Response by Redevelopment Authority of Alleg. County et al.

#218 - Trustee's Application to Employ Sales Agent
　　#228 - Trustee's Supplement
　　[Response due: 8-12-19]

　　Tentative Ruling: The Court is not prepared to approve the application to employ sales agent (and its initial consulting fee of $15,000) absent a showing that it is substantially likely the estate will consummate a sale of its intellectual property assets for a purchase price of $250,000 or more.

***APPEARANCES:***

　　Trustee:　　Kirk Burkley, Keila Estevez
　　Redev. Auth:　J. Michael McCague
　　Pa. DCEP:　　Sean Campbell

***NOTES:***

Burkley - The intellectual property consists of patents and a trademark. There are three different patents approved in the U.S., one approved but lapsed (preptition) patent in Canada, and one on the "five yard-line of approval" in the EU, but the application was stayed because of the bankruptcy. It consists of patented algorithms used to analyze routes, competitors, existing prices, the type of plane, the number of passengers on a plane, and the amount of fuel needed to determine the pricing for a particular route/flight. It is impossible for us to tell you the value. We think we have an understanding based on past trades of similar patents, but until we get in there and do some comparisons and heavy lifting, it's impossible to tell you. Sherwood was not willing to take it all on the come. We negotiated the best result we could to get an expert in there and to market the patents.

I have talked with secured creditors and discussed a split of the sale proceeds. They recognize the value of having the estate market and sell the assets. We don't have an agreement with them yet. If we can approve the sales agent, and have the sale process in motion, we can finalized a agreement on the split.

Sherwood says if the sale process is unsuccessful, it is possible they can modulize the patents and the estate could license them for significantly fewer dollars. We are not there yet and not asking for authority for that.

McCague - My client has no particular knowledge of the value of these things. All of us here have enough experience to know that the IP could have no value and then be surprised. I'm familiar with Sherwood and they can do the job. They can

tell us whether the patents do what they say they do. We would like to get them in there. We recognize these are costs related to the sale and are paid out of first dollars.

Campbell - The Department has no opposition to the bid procedures either and we agree we need Sherwood to get in there to looks at the patents and to give us some information and values.

*OUTCOME:*

1. The application to employ sales agent [Dkt. No. 218] is approved. O/E.

2. The motion to approve bidding procedures [Dkt. No. 220] is approved. O/E

3. A sale confirmation hearing is scheduled for December 5, 2019 at 10:30 a.m. The motion to approve sale [Dkt. No. 222] is continued to that date. [Text Order to issue].

**DATED:** 8/29/2019