IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>ONE JET, INC.,<br><br>                Debtor.<br><br>ROSEMARY C. CRAWFORD, Chapter 7 Trustee,<br><br>                Movant,<br><br>NO RESPONDENT. | Bankruptcy No. 18-24070-GLT<br><br>Chapter 7<br><br>Related Doc. Nos.:<br><br>Hearing Date: _____<br>Hearing Time: _____ |

**MOTION FOR ORDER AUTHORIZING PROCEDURES FOR TRUSTEE TO SELL OR ABANDON MISCELLANEOUS ASSETS WITHOUT FURTHER COURT APPROVAL**

Rosemary C. Crawford (the "Trustee"), the chapter 7 trustee for the estate of One Jet, Inc., by and through her undersigned counsel, files this *Motion for Order Authorizing Procedures for the Trustee to Sell or Abandon Miscellaneous Assets without further Court Approval* (the "Motion"), and in support thereof states as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b) (2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105, 363, and 554 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 6004 and 6007 of the Federal Rules of Bankruptcy Procedure ("FRBP").

**FACTUAL BACKGROUND**

3. On the October 17, 2018, petitioning creditors filed an involuntary petition for relief under chapter 7 of title 11 of the Bankruptcy Code against One Jet, Inc. (the "Debtor").

4. The Debtor is a California corporation primarily engaged in airline transportation services.

5. On November 13, 2018, the Court entered an order for relief [Doc. No. 28], granting the Petition against the Debtor.

6. On November 13, 2018, the Trustee was appointed to administer the estate of the Debtor.

7. On February 27, 2019, the Court entered an order authorizing the employment of the law firm of Bernstein-Burkley, P.C. as special counsel for the Trustee ("Special Counsel").

8. The Trustee has identified various miscellaneous items of personal property (the "*Miscellaneous* Assets") as property of the bankruptcy estate and expects that such assets will continue to be discovered as the case progresses and the Trustee's investigations continue. The Trustee believes that such Miscellaneous Assets are of *de minimus* value and benefit to the bankruptcy estate. Due to the relatively minimal value of the Miscellaneous Assets, it is in the best interests of the estate for the Trustee to incur as little expense as possible in administering such assets.

9. Accordingly, as an alternative to incurring the burden and expense of a separate sale motion process for each Miscellaneous Asset, the Trustee proposes to administer and dispose of any such Miscellaneous Assets through a more streamlined notice process, as set forth below.

## RELIEF REQUESTED

10. Pursuant to this Motion, the Trustee seeks the entry of an order, substantially in the form attached hereto, establishing certain procedures that would authorize the Trustee, without the need for separate approval from this Court, to (1) effectuate the sale of Miscellaneous Assets that appear to have a net value to the estate of no more than $10,000, and/or (2) abandon Miscellaneous Assets to the extent that a sale of such assets cannot be consummated or to the extent the liquidation of such assets would not generate net value to the bankruptcy estate.

## SALE NOTICE PROCEDURES

11. To liquidate Miscellaneous Assets as economically as possible, the Trustee proposes the following procedures (the "Proposed Miscellaneous Sale Procedures") to govern the sale or abandonment of *Miscellaneous* Assets.

12. On a monthly basis, the Trustee will file a notice (the "Sale Notice") with the Court identifying any Miscellaneous Assets that the Trustee intends to sell, which Sale Notice shall identify the Miscellaneous Assets with reasonable specificity, the proposed consideration for the sale and any liens of public record specifically against such assets. The Trustee shall immediately serve the Sale Notice on all parties listed on the mailing matrix and any potential lienholder identified in the Sale Notice that is not on the mailing matrix.

13. Any objection to the Sale Notice must be filed with the Court and served on the Trustee and Special Counsel no later than 5:00 p.m. (Eastern Time) on the tenth (10th) day from the date of service of the Sale Notice.

14. In the event that an objection is filed, the objecting party shall schedule a hearing on the contested matter for further adjudication.

15. If no written objections are filed within ten (10) days from service of the Sale Notice, the Trustee shall be authorized to effectuate sale of all assets included in Sale Notice without further court approval.

16. If the Trustee is unable to identify a good faith purchaser for any Miscellaneous Assets, and determines in her business judgment that abandonment of such assets is in the best interest of the estates and that the cost of continuing to maintain, relocate, and store such Miscellaneous Assets outweighs any potential recovery from a future sale, the Trustee requests authority to abandon such property without further order of the Court pursuant to the notice procedures set forth below.

17. In the event that the Trustee determines it to be in the best interests of the estate to abandon any Miscellaneous Assets, the Trustee shall file a notice (the "Abandonment Notice") of the proposed property to be abandoned, which Abandonment Notice shall identify the Miscellaneous Assets with reasonable specificity, any liens of public record specifically against such assets, any person in possession of such assets, and any governmental agency entitled to notice. The Trustee shall immediately serve the Abandonment Notice on all parties listed on the mailing matrix and any other party identified in the Abandonment Notice that is not on the mailing matrix.

18. Any objection to the Abandonment Notice must be filed with the Court and served on the Trustee and Special Counsel no later than 5:00 p.m. (Eastern Time) on the tenth (10th) day from the date of service of the Abandonment Notice. In the event that an objection is filed, the objecting party shall schedule a hearing on the contested matter for further adjudication.

19.     If no written objections are filed and served on the Trustee within the ten (10) days from the service of the Abandonment Notice, the assets identified in the Abandonment Notice shall be deemed abandoned by the Trustee.

## **BASIS FOR RELIEF**

### A. **The Proposed Miscellaneous Asset Procedures are Appropriate under Section 363(b) of the Bankruptcy Code.**

20.     Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

21.     Although section 363 of the Bankruptcy Code does not specify a standard for determining when it is appropriate for a court to authorize the use, sale or lease of property of the estate, bankruptcy courts routinely authorize sales of a debtor's assets if such sale is based upon the sound business judgment of the debtor. *See, e.g.*, Meyers v. Martin (In re Martin), 91 F.3d 389, 395 (3d Cir. 1996); In re Scimeca Found., Inc., 497 B.R. 753, 771 (Bankr. E.D. Pa. 2013); In re Montgomery Ward Holding Corp., 242 B.R. 147, 153 (D. Del. 1999).

22.     The "notice" required by section 363(b)(1) of the Bankruptcy Code is "such notice as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). Courts are authorized to shorten the 21-day notice period generally applicable to asset sales, or direct another method of giving notice, upon a showing of "cause". Fed. R. Bankr. P. 2002(a)(2).

23.     Due process requires that any notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

24. Notwithstanding any statutory requirement for "notice and a hearing," the Bankruptcy Code "authorizes an act without an actual hearing if such notice is given properly and if such hearing is not requested timely by a party in interest". 11 U.S.C. § 102(1)(B)(i).

25. The Proposed Miscellaneous Sale Procedures set forth herein would permit the Trustee to avoid unreasonable administrative expenses while still providing interested parties with notice and an opportunity to present any objections.

26. Sound business reasons exist to justify selling the *Miscellaneous* Assets under the procedures set forth herein. Allowing the Trustee to sell Miscellaneous Assets in this manner constitutes the most efficient and cost-effective means of maximizing the value of such assets and, thus, is in the best interests of the bankruptcy estate and creditors.

**B. The Proposed Miscellaneous Asset Sale Procedures are Appropriate under Section 363(f) of the Bankruptcy Code.**

27. In the event that there are any liens or security interests asserted against any Miscellaneous Assets, the Trustee proposes that any such interest, to the extent it is valid, be transferred to the proceeds of such sale.

28. Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in the property if: (a) applicable non-bankruptcy law permits such a "free and clear" sale; (b) the holder of the interest consents; (c) the interest is a lien and the sales price of the property exceeds the value of all liens on the property; (d) the interest is in bona fide dispute; or (e) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest. 11 U.S.C. § 363(f).

29. The Trustee asserts that the Proposed Miscellaneous Sale Procedures set forth above satisfy the requirements of section 363(f) of the Bankruptcy Code. Additionally, if the holder of an alleged lien, claim or encumbrance receives the requisite notice and does not object

within the prescribed time period, the Trustee requests that such holder be deemed to have consented within the meaning of section 363(f)(2) to the proposed sale and that the subject assets be deemed sold free and clear of such holder's liens, claims or encumbrances.

### C. The Proposed Miscellaneous Abandonment Procedures are Appropriate under Section 554(a) of the Bankruptcy Code.

30. Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

31. The Trustee will to take all reasonable steps to sell *Miscellaneous* Assets. However, costs associated with sales of certain *Miscellaneous* Assets may exceed any possible proceeds thereof. The inability to consummate a commercially reasonable sale of *Miscellaneous* Assets would indicate that such Miscellaneous Assets have no meaningful monetary value to the bankruptcy estate.

32. Further, the costs of storing and maintaining such Miscellaneous Assets may burden the bankruptcy estate. Accordingly, the Trustee contends that, in such circumstances, the abandonment of Miscellaneous Assets is in the best interest of the bankruptcy estate and the creditors.

### D. The Court has authority to approve the Proposed Miscellaneous Sale or Abandonment Procedures.

33. The Court has the authority under its equitable powers under section 105(a) of the Bankruptcy Code, to authorize the relief requested herein because such relief is necessary to the efficient administration of the bankruptcy estate.

34. The Proposed Miscellaneous Sale or Abandonment Procedures provide the Trustee with a mechanism by which she can minimize the fees and expenses related to the administration of assets that are of relatively minimal value to the Debtors' estates.

35. The relief requested herein has been granted by other courts. See, e.g., In re Maxus Energy Corporation, Case No. 16-11501 (CSS) (Bankr. D. Del. Apr. 5, 2017); In re Limited Stores Company, LLC, Case No. 17-10124 (KJC) (Bankr. D. Del. Apr. 5, 2017); In re Aquion Energy, Inc., Case No. 17-10500 (KJC) (Bankr. D. Del. Mar. 21, 2017; In re The Great Atl. & Pac. Tea Co., Case No. 15-23007 (RDD), (Bankr. S.D.N.Y. Aug. 11, 2015).

## WAIVER OF NOTICE AND STAY UDNER BANKRUPTCY RULES 6004(h)

36. In order to implement the Miscellaneous Sale Procedures promptly, the Trustee request that the Court find notice of this Motion to be adequate.

37. Bankruptcy Rule 6004(h) provides that an order authorizing the sale of property of the estate "is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).

38. The Trustee respectfully requests waiver of the 14-day stay period in order to effectuate the Proposed Miscellaneous Sale Procedures immediately.

## NO PREVIOUS REQUEST

39. No previous request for the relief sought herein has been made by the Trustee to this or any other court.

## NOTICE

40. Notice of this Motion has been provided to (a) the Office of the United States Trustee, (b) the Debtor, (c) all persons and entities that have filed a request for service of filing in this Case, and (d) all parties listed on the mailing matrix.

WHEREFORE, the Trustee respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief request herein and granting such other and further relief as the Court deems appropriate.

Dated: February 4, 2020  BERNSTEIN-BURKLEY, P.C.

By: /s/ Kirk B. Burkley
Kirk B. Burkley, Esq. PA I.D.: 89511
kburkley@bernsteinlaw.com
Mark A. Lindsay, Esq. PA I.D.: 89487
mlindsay@bernsteinlaw.com
Keila Estevez, Esq. PA I.D.: 324601
kestevez@bernsteinlaw.com
707 Grant Street, Suite 2200, Gulf Tower
Pittsburgh, PA 15219
Phone: (412) 456-8100
Fax:    (412) 456-8135

*Special Counsel for Trustee*