IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>ONE JET, INC.,<br><br>  Debtor.<br><br>ROSEMARY C. CRAWFORD, Chapter 7 Trustee,<br><br>  Movant,<br><br><br><br>NO RESPONDENT. | Bankruptcy No. 18-24070-GLT<br><br>Chapter 7 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH THE TRUSTEE'S SUBPOENA FOR RULE 2004 EXAMINATION AND DOCUMENT PRODUCTION**

**INTRODUCTION**

Third-Party Boustead Securities, LLC ("Boustead"), by and through its undersigned counsel, respectfully moves the Court for an Order quashing the Rule 2004 Subpoena for Examination and Document Production ("Subpoena") that the Trustee's Special Counsel, Bernstein Burkley ("Special Counsel") served on Boustead, on February 17, 2020.  For the reasons stated herein, namely because Boustead is a defendant in a related adversary proceeding, the Court should grant Boustead's Motion and quash the Subpoena in its entirety.

**FACTUAL BACKGROUND**

**I.   PROCEDURAL BACKGROUND OF THE UNDERLYING BANKRUPTCY CASE AND THE RELATED ADVERSARY PROCEEDING.**

This matter is an involuntary bankruptcy case, OneJet, Inc., Case Number 18-24070-GLT (the "Case"), which was commenced on October 17, 2018.  (Doc. 1.)   On June 27, 2019, this Court was ordered to consolidate Adversary Case 19-02134 (the "Adversary Case"), with the Case. (*See* Doc. 213) ("This case [Adversary Case] is referred to the United States Bankruptcy Court for

the Western District of Pennsylvania for consolidation with the bankruptcy proceeding pending before the Honorable Gregory L. Taddonio at Bankruptcy Case No. 18-24070.") Boustead is a defendant in the Adversary Case. (Doc. 1 in Adversary Case.) Although Boustead has filed a Motion to Dismiss the Adversary Case, the Court has not yet ruled on Boustead's Motion and, therefore, Boustead remains a named defendant in the Adversary Case at this present time. (*See* Docs. 1 and 244 in Adversary Case.)

## II.     THE SPECIAL COUNSEL TO THE TRUSTEE SENDS A SUBPOENA TO BOUSTEAD.

Through a letter, dated January 9, 2020, Bernstein Burkley ("Special Counsel"), acting as the "Special Counsel to the Trustee" in the Case, sought to have Boustead produce documents and potentially sit for an examination under Rule 2004 of the Federal Rules of Bankruptcy Procedure. (Affidavit of Andrew R. Shedlock ("Shedlock Aff.") Ex. A.) Boustead objected to the requested document production and examination under Rule 2004, citing the well-recognized "pending proceeding" rule in the Third Circuit Court of Appeals that bars a party that is a party in an adversary proceeding (or other proceeding) from being subjected to a Rule 2004 examination. (Shedlock Aff. Ex. B.) Through an email, dated February 3, 2020, the Special Counsel refused to honor Boustead's objections, which resulted in further communication between the Special Counsel and Boustead's counsel about the merits of subjecting Boustead to a Rule 2004 examination while Boustead was a defendant in the Adversary Case. (*Id*. Ex. D.) Ultimately, to resolve these issues and to present its objections to the Court, Boustead's counsel agreed to accept service of the "Subpoena for a Rule 2004 Examination of a representative of Boustead Securities, LLC," ("Subpoena") on behalf of Boustead. (*Id*. Ex. C.)

2

### III. THE SAME PLAINITFFS/CREDITORS IN THE CASE SERVED DISCOVERY REQUESTS ON BOUSTEAD IN THE ADVERSARY CASE, WHICH THE COURT STAYED.

On July 11, 2019, Plaintiffs[1] served Boustead with "Discovery Requests Directed to Boustead Securities, LLC" in the Adversary Case. ("Discovery Requests"). (Shedlock Aff. Ex. E.) The Discovery Requests requested production of the following documents from Boustead:

- A copy of the contract [between OneJet, Inc. and Boustead], as well as "any and all correspondence between Boustead and OneJet relating to the contract";

- Any and all documents relating to "all information which OneJet provided to Boustead in connection with the contract for sale of OneJet securities";

- Any and all documents "relating to all transactions which resulted in the payment of a commission to Boustead arising out of the sale of OneJet securities"; and

- Any and all documents "relating to the date of the transaction; the purchaser of the securities, and the amount of commission paid to Boustead."

(Shedlock Aff. Ex. E.) Prior to producing any documents in response to the Discovery Requests, the Court in the Adversary Case stayed <u>all</u> discovery in the Adversary Case. (*See* Shedlock Aff. Ex. F) (emphasis added) ("It is hereby ordered, adjudged and decreed that the Motion for Stay is granted and **all discovery in the above referenced matter is stayed until further Court Order**").

The Subpoena that the Special Counsel served on Boustead contained document requests that are *remarkably* similar to the Discovery Requests served by Plaintiffs in the Adversary Case. The Subpoena[2] requested that Boustead produce the following documents:

---

[1] There are at least fifty-seven (57) Plaintiffs in the Adversary Case. At least four (4) of the Petitioning Creditors in the Case are <u>also</u> Plaintiffs in the Adversary Case. *Cf.* Bankruptcy Petition # 18-24070-GLT *with* Adversary No. 19-02134-GLT. Nearly <u>every single Plaintiff</u> in the Adversary Case is <u>also</u> a creditor or claimant in the Case. *Id.*

[2] Exhibit A to the Subpoena specified that the "time period for these requests in January 1, 2015 to the present." (Shedlock Aff. Ex. C at 5.)

- All documents within [Boustead's] possession or control evidencing any payments made to [Boustead] by OneJet at any time, including but not limited to bank account statements, cancelled checks, wire confirmations or other similar documentary evidence;

- All documents within [Boustead's] possession or control evidencing any monies owed to [Boustead] at any time, including, but not limited to contracts, agreements, invoices, statements of account, collection notices, notices of claim or other similar documentary evidence;

- All written contracts, agreements, letters of understanding, memoranda of understanding or similar documents within your possession or control setting forth the terms of any business arrangement between [Boustead] and OneJet at any time;

- All written communications between any employee, any representative or agent of [Boustead] including but not limited to letters, emails, memos, text messages, instant messages, FaceBook [sic] messages or other similar paper or electronic means of communication.

(Shedlock Aff. Ex. C at 6.)

## **LEGAL ARGUMENT**

### I. **LEGAL STANDARD TO QUASH SUBPOENA FOR RULE 2004 EXAMINATION AND DOCUMENT PRODUCTION.**

Rule 9016 of the Federal Rules of Bankruptcy Proceeding states that "Rule 45 F.R.Civ.P. applies in cases under the Code." Fed. R. Civ. P. 45(d)(3) requires the Court to "quash or modify" a subpoena, when the responding party makes a "timely motion" and the subpoena:

> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3). The Subpoena seeks to subject Boustead to a Rule 2004 examination.

(Shedlock Aff. Ex. C.)

4

> Rule 2004 provides that:
>
> > The examination of an entity under this rule or of the debtor under [section] 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.

*In re DeWitt*, 608 B.R. 794, 798 (Bankr. W.D. Pa. 2019). "[P]arties do not have an absolute right to Rule 2004 examinations- the granting of a Rule 2004 examination is dependent on the discretion of the court." *Id* (citations and quotations omitted). "The rule requires a balancing of 'the competing interests of the parties, weighing the relevance and necessity of the information sought by examination.'" *Id* (citations and quotations omitted).

## II. THE "PENDING PROCEEDING RULE" MANDATES QUASHING OF THE SUBPOENA.

### A. Legal Standard.

The Court should quash the Subpoena in its entirety because the pending proceeding rule mandates it. "Indeed, a Rule 2004 examination is generally not available once an adversary proceeding or contested matter has been commended; at that point, discovery is made pursuant to the Federal Rules of Bankruptcy Procedure." *In re DeWitt*, 608 B.R. at 797-98 (Bankr. W.D. Pa. 2019) (citations and quotations omitted). "Some courts have found that when an adversary proceeding or contested matter is pending that it is improper for one of the parties to use a Rule 2004 examination as a substitute for, on in addition to, the normal discovery provided by Fed.R.Civ.P. 26, *et seq*. *In re Countrywide Home Loans, Inc*., 384 B.R. 373, 392 (Bankr. W.D. Pa. 2008).

The Court in *In re 2435 Plainfield Ave., Inc*., 223 B.R. 440, 455-57 (Bankr. D.N.J. 1998) discussed that "[A] Rule 2004 exam has been explained as a broad investigation into the financial affairs of the debtor for the purpose of discovery of assets of the estate and the exposure of

5

fraudulent conduct." *Id*. (citations and quotations omitted). The *In re 2435 Plainfield* court noted that there were distinctions between Rule 2004 in a bankruptcy proceeding and the Federal Rules of Civil Procedure that apply in an adversary proceeding, stating that "Rule 2004 is broad and far-reaching…The discovery rules available in adversary proceedings and in contested matters are more restrictive in scope with respect to requirements of relevance and to protections available to the party required to comply." *Id*.

As stated in numerous cases both within and outside of the Third Circuit (including *In re 2435 Plainfield Ave.*), the "courts will usually not allow a 2004 exam where an adversary proceeding is pending, because the party requesting the exam is likely seeking to avoid the procedural safeguards of Bankruptcy Rules 7026-7037." *In re 2435 Plainfield Ave.*, 223 B.R. at 457 (Bankr. D.N.J. 1998)*; see also In re DeWitt*, 608 B.R. 794 797-98 (Bankr. W.D. Pa. 2019) ("Indeed, a Rule 2004 examination is generally not available once an adversary proceeding or contested matter has been commenced; at that point, discovery is made pursuant to the Federal Rules of Bankruptcy Procedure."); *In re Se. Materials, Inc.*, No. 09-52606, 2010 WL 5128608, at *3 (Bankr. M.D.N.C. Dec. 10, 2010) ("The majority of courts prohibit Rule 2004 examinations of parties involved in or affected by an adversary proceeding while it is pending"); *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr.S.D.N.Y. 2002) (noting "the well-recognized rule that once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004"); *In re Bennett Funding Group, Inc*., 203 B.R. 24, 28 (Bankr.N.D.N.Y. 1996) (same); *In re Symington*, 209 B.R. 678, 685 (Bankr.D.Md. 1997) (same).

6

**B.     The Court Should Quash the Subpoena Because Boustead is Currently a Party to the Adversary Case.**

In this case, the Court should quash, in its entirety, the Subpoena served on Boustead, by the Special Counsel, because the pending proceeding rules mandates it. Here, there is no question that Boustead is currently a defendant in the Adversary Case. A majority of courts "have prohibited a Rule 2004 exam of parties involved in or affected by an adversary proceeding while it is pending." *In re Summit Glob. Logistics,* No. 08-11566 (DHS), 2008 WL 1446722, at *2-3 (Bankr. D. N. J. Apr. 9, 2008) (citing *In re 2435 Plainfield Ave.*) As recently as the end of 2019, this district recognized the continued viability of the pending proceeding rule, and the protection that it afforded to parties that are subject to ongoing litigation (such as the Adversary Case). "Indeed, a Rule 2004 examination is generally not available once an adversary proceeding or contested matter has been commenced; at that point, discovery is made pursuant to the Federal Rules of Bankruptcy Procedure." *In re DeWitt*, 608 B.R. at 797-98 (Bankr. W.D. Pa. 2019) (citations and quotations omitted).

Because of the presence and application of the pending proceeding rule, the Court should quash the Subpoena in its entirety. Boustead remains a defendant in the Adversary Case. As a defendant, the pending proceeding rule provides that Boustead should not be subject to a wide-ranging Rule 2004 examination. Rather, Boustead is entitled to the protections and limitations of the discovery rules of the Federal Rules of Civil Procedure, which are not as wide ranging as a Rule 2004 examination and provide defenses to Boustead (such as relevancy objections and protective orders). Because the Special Counsel cannot dispute that Boustead remains a defendant in the Adversary Case, and because the pending proceeding rule explicitly protects Boustead from being subjected to a Rule 2004 examination while it remains a party to the Adversary Case, this Court should quash the Subpoena in its entirety.

7

### C. There Is No "Privity" Requirement for the Pending Proceeding Rule to Apply.

The Special Counsel has argued that there must be some sort of "privity" requirement for the pending proceeding rule to apply. (*See* Shedlock Aff. Ex. D at 3) ("As the very cases you cite in your letter indicate, the application of the pending proceeding rule is limited to parties that are jointly involved in the same adversary proceeding.")  But the Special Counsel's position is belied both by the facts of this case and by case law. *See*, *e.g.*, *In re. Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) ("The cases are in agreement that once an adversary proceeding is in progress a creditor/party does not have a right to a 2004 examination.") Instead of explicitly requiring privity between parties in cases (whether adversary proceedings or other related litigation matters), case law even bars Rule 2004 examinations pertaining to "issues" involved in ongoing litigation. *See In re Se. Materials, Inc.*, No. 09-052606, 2010 WL 5128608, at *3 (Bankr. M.D.N.C. Dec. 10, 2010) ("In addition to parties 'involved in or affected by' a pending adversary proceeding, this rule [the pending proceeding rule] also applies to issues involved in ongoing litigation. Thus, 'where a party seeks to depose another party or witness on an issue which is the subject of a pending adversary proceeding, the examination cannot be conducted pursuant to Rule 2004, but must be conducted pursuant to the Federal Rules of Civil Procedure.")

Furthermore, even if there were some "privity" requirement, there is no dispute that nearly every single Plaintiff in the Adversary Case is also a creditor (or claimant) in the Case. Thus, the Plaintiffs' interests in the Adversary Case are aligned with the creditors/claimants in the Case. While the Special Counsel is purportedly representing the bankruptcy estate itself (as opposed to the individual creditors/claimants), the Special Counsel seeks information and documents in the Case on behalf of nearly identical Plaintiffs in the Adversary Case. In short, there is no "privity"

8

requirement for the pending proceeding rule to apply, but even if there was, all of the Plaintiffs in the Adversary Case are also claimants/creditors in the case, which should satisfy any judicially-created "privity" requirement.

### D. Discovery is Stayed in the Adversary Proceeding, yet the Subpoena Seeks to Violate that Stay.

What the Special Counsel seeks to do with the Subpoena is to substitute the Subpoena for the discovery process that is intended to protect Boustead in the Adversary Proceeding. "An examination under Rule 2004 of the Federal Rules of Bankruptcy Procedure is not a substitute for discovery under Rule 26 of the Federal Rules of Civil Procedure." *In re Plainfield Ave., Inc*, 223 B.R. at 455 (Bankr. D.N.J. 1998). Courts have explained that "[a] Rule 2004 examination is not a deposition; it serves a different purpose and is governed by different procedural rules." *In re DeWitt*, 608 B.R. at 797-98. "Unlike traditional discovery, which narrowly focuses on the issues germane to the dispute, the scope of Rule 2004 is broad and unfettered, and has been likened to a 'fishing expedition' and 'an inquisition.'" *Id*.

In this case, the Special Counsel seeks to obtain information in the Case (by way of the Subpoena) that it (or Plaintiffs) cannot currently get within the Adversary Case. In the Adversary Case, discovery is currently stayed until the Court orders otherwise. (Shedlock Aff. Ex. F.) Thus, neither Plaintiffs (nor a third-party, such as the Trustee or the Special Counsel) can obtain discovery from Boustead until the stay is lifted. However, a cursory examination of the Subpoena shows that the information and documents that the Special Counsel requests from Boustead are *remarkably* similar to the discovery requests that Plaintiffs served on Boustead before the Court stayed discovery in the Adversary Case:

9

4828-8732-4852.2

| **Plaintiffs' Discovery Requests in Adversary Case** | **Special Counsel's Document Requests Under Rule 2004 Subpoena** |
|---|---|
| A copy of the contract [between OneJet, Inc. and Boustead], as well as "any and all correspondence between Boustead and OneJet relating to the contract." (Request for Production of Documents No. 2) | All written contracts, agreements, letters of understanding, memoranda of understanding or similar documents within your possession or control setting forth the terms of any business arrangement between [Boustead] and OneJet at any time. (Document Request No. 3) |
| Any and all documents relating to "all information which OneJet provided to Boustead in connection with the contract for sale of OneJet securities." (Request for Production of Documents No. 3) | All written communications between any employee, any representative or agent of [Boustead] including but not limited to letters, emails, memos, text messages, instant messages, FaceBook [sic] messages or other similar paper or electronic means of communication. (Document Request No. 4) |
| Any and all documents "relating to all transactions which resulted in the payment of a commission to Boustead arising out of the sale of OneJet securities." (Request for Production of Documents No. 4) | All documents within [Boustead's] possession or control evidencing any payments made to [Boustead] by OneJet at any time, including but not limited to bank account statements, cancelled checks, wire confirmations or other similar documentary evidence. (Document Request No. 1) |
| Any and all documents "relating to the date of the transaction; the purchaser of the securities, and the amount of commission paid to Boustead." (Request for Production of Documents No. 4) | All documents within [Boustead's] possession or control evidencing any monies owed to [Boustead] at any time, including, but not limited to contracts, agreements, invoices, statements of account, collection notices, notices of claim or other similar documentary evidence. (Document Request No. 2) |

Courts protect parties subject a both a Rule 2004 examination and other litigation because Rule 2004 examinations are much broader than the Federal Rules of Civil Procedure. And, in this

10

case, the Special Counsel is seeking essentially the same information and documents that this Court already said that Plaintiffs <u>could not</u> obtain in the Adversary Case. To allow the Special Counsel to obtain documents and information from Boustead that this Court has already said Plaintiffs could not obtain would violate the stay and defeat the Court's previous disposition of this same issue. The Court, therefore, should quash the Subpoena in its entirety.

### III.    THE SUBPOENA VIOLATES THE 100 MILE RULE.

Finally, Rule 2004(e) of the Federal Rules of Bankruptcy states that "an entity other than a debtor shall not be required to attend as a witness unless lawful mileage and witness fee for one day's attendance shall first be tendered." Likewise, Rule 45(c)(1)[3] of the Federal Rules of Civil Procedure states that "[a] subpoena may command a person to attend a trial, hearing or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person."

Boustead is a California limited liability company with a registered agent address and principal place of business in Irvine, California. Irvine, California is well outside the 100-mile limitation imposed by both Rule 2004 of the Federal Rules of Bankruptcy Procedure and by Rule 45(c)(1) of the Federal Rules of Civil Procedure, and the Special Counsel did not tender any mileage fees. Even if the Court overlooks the violation of the pending proceeding rule (and it should not), the Subpoena clearly violates the 100-mile radius rule, and that is sufficient as independent ground to quash the Subpoena in its entirety.

### CONCLUSION

For the reasons stated herein, the Court should quash the Subpoena in its entirety.

---

[3] The "Notes of Advisory Committee on Rules-1983" state that "although Rule 7004(d) authorizes nationwide service of process, Rule 45 F.R.Civ.P. limits the subpoena power to the judicial district and places outside the district which are within 100 miles of the place of trial or hearing."

11

**KUTAK ROCK, LLP**

Dated: <u>February 27, 2020</u>  By: <u>/s/ Andrew R. Shedlock</u>

    Christopher P. Parrington, *Pro Hac Vice*
    Andrew R. Shedlock, *Pro Hac Vice*
    60 South Sixth Street, Suite 3400
    Minneapolis, MN 55402
    (612) 334-5000
    Christopher.Parrington@kutakrock.com
    Andrew.Shedlock@kutakrock.com

    \*\*\*and\*\*\*

By: <u>/s/ Jason L Ott</u>

    Jason L. Ott (PA. Bar No. 307212)
    Jackson Kelly, PLLC
    501 Grant Street, Suite 1010
    Pittsburgh, PA 15219
    Phone: 412-434-7617
    Jason.Ott@jacksonkelly.com

***Attorneys for Third-Party Boustead Securities, LLC***