IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>ONEJET, INC.,<br><br>                    Debtor.<br><br>BOUSTEAD SECURITIES, LLC,<br><br>                    Movant,<br><br>ROSEMARY C. CRAWFORD, Chapter 7 Trustee,<br><br>                    Respondent. | Bankruptcy No. 18-24070-GLT<br><br>Chapter 7<br><br>Related Doc. Nos.: 306, 307, 308,<br>                         309, 310 & 312<br><br>Hearing Date: April 2, 2020<br>Response Deadline: March 19, 2020 |

**RESPONSE IN OPPOSITION TO MOTION TO QUASH TRUSTEE'S SUBPOENA FOR RULE 2004 EXAMINATION AND DOCUMENT PRODUCTION OF BOUSTEAD SECURITIES, LLC**

Rosemary C. Crawford (the "Trustee"), the chapter 7 trustee for the estate of OneJet, Inc., by and through her undersigned counsel, files this *Response in Opposition to Motion to Quash Trustee's Subpoena for Rule 2004 Examination and Document Production of Boustead Securities, LLC* (the "Response"), and in support thereof states as follows:

**JURISDICTION AND VENUE**

1.     The United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b) (2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**FACTUAL BACKGROUND**

2. On the October 17, 2018, petitioning creditors filed an involuntary petition for relief under chapter 7 title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") against OneJet, Inc. (the "Debtor").

3. On November 13, 2018, the Court entered an order for relief [Doc. No. 28], granting the Petition against the Debtor.

4. On November 13, 2018, the Trustee was appointed to administer the estate of the Debtor.

5. On February 27, 2019, the Court entered an order authorizing the employment of the law firm of Bernstein-Burkley, P.C. as special counsel for the Trustee ("Special Counsel").

6. A state court litigation was commenced by various parties (the "Plaintiffs") against Matthew R. Maguire, Patrick Maguire, Boustead Securities, LLC ("Boustead"), Melvin Pirchesky, Robert Campbell, Robert Lewis and David Minnotte (collectively, the "Defendants") in the Court of Common Pleas of Allegheny County Pennsylvania. The Plaintiffs are all individuals or entities that purchased stocks and/or notes of the Debtor.

7. The state court litigation was removed to this Court on June 27, 2019 under adversary proceeding no. 19-02134-GLT (the "Adversary Proceeding"). The Trustee is not a party to the Adversary Proceeding, either as plaintiff or defendant. As of the date of this Response, the Trustee has not taken any action to intervene or otherwise participate in the Adversary Proceeding.

8. On January 09, 2020, Special Counsel sent an email request to Boustead's counsel, pursuant to local rule W.PA.LBR 2004-1, to arrange for an agreeable date, place, and time for an examination pursuant to Fed. R. Bankr. P. 2004.

9. Boustead objected to the Trustee's request for a Rule 2004 examination on the basis of the "Pending Proceeding Rule." As more fully detailed below, Special Counsel advised Boustead that its position regarding the applicability of the Pending Proceeding rule is wrong.

10. On February 27, 2020, Boustead filed a *Notice of Motion and Motion to Quash Trustee's Subpoena for Rule 2004 Examination and Document Production of Boustead Securities, LLC* (the "Motion") [Doc. No. 306], *Memorandum of Law in Support of Motion to Motion to Quash Trustee's Subpoena for Rule 2004 Examination and Document Production* (the "Memorandum of Law") [Doc. No. 307], *Affidavit of Andrew R. Shedlock, Esq. in Support of Motion to Motion to Quash Trustee's Subpoena for Rule 2004 Examination and Document Production of Boustead Securities, LLC* (the "Affidavit") [Doc. No. 308], and proposed *Order of Court* [Doc. No. 309].

11. Pursuant to the *Notice of Hearing and Response Deadline Regarding Motion of Boustead Securities, LLC to Quash Subpoena for Rule 2004 Examination*, the deadline to file a response to the Motion is March 19, 2020.

## RESPONSE

12. Boustead's Motion to Quash should be denied because the Pending Proceeding Rule does not apply under the circumstances presented here. Accordingly, the Trustee respectfully requests the entry of an order requiring a representative of Boustead to appear for a sworn examination pursuant to Rule 2004 of the Federal Rules Bankruptcy Procedure (the "Bankruptcy Rules").

### A. The Pending Proceeding Rule is inapplicable to the Trustee' 2004 Examination Request.

13. Boustead erroneously, and perhaps disingenuously, attempts to broaden the scope of the Pending Proceeding Rule to a third party that is clearly not involved in the pending Adversary Proceeding.

14. The courts in the Third Circuit, as well as various courts outside of this jurisdiction, have recognized that the Pending Proceeding Rule is only applicable to parties jointly involved in pending litigation.

15. "The 'pending proceeding' rule is predicated on there actually being a pending action involving the two parties." In re Wash. Mut., Inc., 408 BR 45, 53 (Bankr D Del 2009).

16. "The pending proceeding rule imposes a potential restraint upon a litigant's ability to conduct an examination. However, with respect to a trustee, the rule's application arises only in those instances where the trustee is already a party to an adversary proceeding or contested matter involving the parties that he seeks to examine under Bankruptcy Rule 2004. In re Nat'l Risk Assessment, Inc., 547 B.R. 63, 66, 2016 Bankr. LEXIS 811, 5, 62 Bankr. Ct. Dec. 93. The Pending Proceeding Rule will not prevent the Trustee from executing a 2004 Examination in the absence of a pending litigation involving the Trustee as an actual litigant. Id.

17. "The text of Rule 2004 provides no basis for a Pending Proceeding Rule, rather it is a court-created doctrine. A Rule 2004 exam serves a standalone purpose apart from pending adversary proceedings or other litigation because it allows parties in interest to investigate the debtor and discovery information and/or assets that will further the administration of the case or lead to objections or exceptions to the debtor's discharge." In re Wade, No. 13-21432-K, 2014 Bankr LEXIS 5366, at 10-11 (Bankr WD Tenn July 31, 2014). Accordingly, the bankruptcy court holds discretion on whether to permit a Rule 2004 examination. Id.

18. Boustead's assertion that the Pending Proceeding Rule is applicable to the Trustee's 2004 Examination Request is clearly without merit and unsupported by case law.

19. It is abundantly clear that the Pending Proceeding Rule is applicable only to parties already involved in a pending litigation.

20. "The primary concern of courts is the use of Rule 2004 examinations to circumvent the safeguards and protections of the Federal Rules of Civil Procedure. Yet aggressive application of the 'pending proceeding' rule may prevent legitimate Rule 2004 examinations on matters wholly unrelated to the pending proceeding, thereby interfering with the trustee's fiduciary duty to maximize estate assets." In re Wash. Mut., Inc., 408 BR 45, 51 (Bankr D Del 2009) (internal citation omitted).

21. The Delaware Bankruptcy Court recognizes that a Rule 2004 Examination may be inappropriate "where the party requesting the Rule 2004 examination could benefit their pending litigation." Id. at 50. That is clearly not a concern in the Motion before this Court, as the Trustee is not involved in the Adversary Proceeding and is simply attempting to fulfill her fiduciary duty to investigate the assets of the estate for the benefit of all creditors.

22. The requirement of privity is vastly recognized by many jurisdictions. See e.g. In re Int'l Fibercom, 283 BR 290, 292 (Bankr D Ariz 2002)("when the Rule 2004 examination relates not to the pending adversary litigation, but to another matter, the "pending proceeding" rule does not apply."); In re SunEdison, Inc., 572 BR 482, 490 (Bankr SDNY 2017)( finding that the pending proceeding rule did not apply to the Debtors because the Debtors were not parties to the pending state court action.)

23. Boustead suggested in its Memorandum of Law that the Trustee's Rule 2004 document requests are "*remarkably*" similar to the discovery requests served by the Plaintiffs in

the Adversary Proceeding. The Trustee's document requests are not worded at all similarly to the Plaintiffs. However, to the extent that there is any arguable overlap between their requests, that certainly is not remarkable.

24. The Trustee's document requests contracts, communications and financial information relative to the business relationship between Boustead and the Debtor. These materials are the typical information necessary for the Trustee to conduct a thorough investigation into the Debtors' finances and to assess potential causes of action under chapter 5 of the Bankruptcy Code.

25. The Trustee is acting independently of any creditor, through Special Counsel, to comply with the requirements of the Bankruptcy Code and any and all actions taken to discover potential assets of the estate are within the authority provided to her by the Bankruptcy Code, subject to this Court's approval.

26. Boustead's interpretation of the applicable of the Pending Proceeding Rule is undoubtedly beyond the scope intended by the bankruptcy courts.

27. Allowing the Pending Proceeding Rule to apply to non-litigant third parties would irreparably harm all bankruptcy estates as it would prevent trustees from investigating potential causes of actions until after the resolution of unrelated pending adversary proceedings. Such an absurd result is simply not contemplated by any legal authority cited by Boustead and cannot be what the drafters of Rule 2004 intended.

28. A relevant inquiry in determining the applicability of the Pending Proceeding Rule is to determine "whether [the party's] *primary* purpose in the Rule 2004 examination/production is to further the administration of the bankruptcy case" or aid pending litigation. In re Braxton, No. 09-08876-8-RDD, 2014 Bankr LEXIS 3516, at *18-20 (Bankr EDNC Aug. 20, 2014).

29. Given that the Trustee is not a party to the Adversary Proceeding and the causes of action asserted by the Plaintiffs are distinct from the general causes of actions held by the bankruptcy estate, the Rule 2004 examination request served on Boustead is strictly for the benefit of the administration of the bankruptcy estate.

30. Based on legal authority cited herein, the Trustee respectfully requests that Boustead's Motion to Quash be denied and an order be entered requiring a representative of Boustead to submit to a sworn examination under Rule 2004 within three weeks of the date of said order.

**B. The Discovery Stay in the Adversary Proceeding does not bar the Trustee from seeking discovery in the Bankruptcy Case**

31. Boustead further attempts to thwart the Trustee's effort to conduct a Rule 2004 examination on the basis the Court ordered a discovery stay in the Adversary Proceeding.

32. On September 26, 2019, the Court entered a Modified order Staying All Discovery (the "Stay Order") [Doc. No. 198].

33. The Stay Order specifically grants the relief requested by Boustead in its *Motion to Stay all Discovery Pending the Determination of Defendants' Motion to Dismiss Plaintiffs Woody Partners, et al.'s* (the "Motion to Stay Discovery") [Doc. No. 95].

34. In its Motion to Stay Discovery, Boustead argued that discovery pertaining to the adversary proceeding would be present an undue burden given that its *Motion to Dismiss the Complaint* was still pending and might result in Boustead's dismissal from the case. Boustead further argued that the Plaintiffs would not be prejudiced because the parties would equally benefit from avoiding unnecessary cost and legal fees.

35. Boustead once again inappropriately attempts to broaden the scope of the Adversary Proceeding, and an Order entered in that litigation, to impede the administration of the bankruptcy case.

36. It is very clear from the Stay Order, that such stay is applicable only to the Adversary Proceeding as the basis for the stay is the pending determination of whether the complaint should be dismissed. Boustead cannot use such stay provided therein as an absolute safeguard to avoid discovery from third parties in the bankruptcy case.

37. As the Trustee is not a party to the Adversary Proceeding, the Trustee did not have an opportunity to respond to the Motion to Stay Discovery. It is inconceivable that she would be barred from seeking discovery from Boustead on the basis of an order entered in proceeding she was is not a party to.

38. Enforcing the discovery stay on the Trustee would cause irreparable harm to the bankruptcy estate as it would prevent the Trustee from fulfilling her fiduciary duty under the Bankruptcy Code.

39. "A trustee in bankruptcy, under the Act and the Code, is under a duty to maximize the realization of estate liquidation. To that end a trustee must marshal the estate's assets and, if necessary to achieve that end, institute all necessary litigation. When a trustee takes over a Chapter 7 case, the trustee must learn quickly about the debtor entity. One of the original purposes of the 2004 examination was to assist the trustee in this endeavor." In re Drexel Burnham Lambert Grp., 123 BR 702, 708 (Bankr SDNY 1991).

40. The Trustee believes and therefore avers that the Stay Order is only applicable to the Adversary Proceeding and therefore it should not act as a bar to the Trustee's Rule 2004 examination request.

41. With respect to the location of the proposed Rule 2004 examination, the Trustee will conduct said examination at a mutually-agreeable location within 100 miles of the representative's office address.

## RELIEF REQUESTED

42. The Trustee respectfully request that Boustead's Motion be denied its entirety and an Order be entered requiring a representative of Boustead to submit to a sworn examination under Rule 2004 within three weeks of the date of said Order.

43. Given Boustead's premature motion seeking to quash the Trustee' request for Rule 2004 Examination, the Trustee did not have an opportunity to file a motion to compel examination pursuant to the W.PA.LBR 2004-1(e).

44. Bankruptcy Rule 2004(a) provides that on the "motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Bankruptcy Rule 2004(b) provides that an examination under the Rule may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." Fed. R. Bankr. P. 2004(b).

45. Discovery under Bankruptcy Rule 2004 includes within its scope, inter alia, any matter that may relate to the property and assets of the estate; the financial condition of the debtor; and any matter that may affect the administration of a debtor's estate. *See* Fed. R. Bankr. P. 2004(b); see also In re Teleglobe Commc'ns Corp., 493 F.3d 345, 354 n.6 (3d Cir. 2007)

46. "The purpose of the examination is to enable the trustee to discover the nature and extent of the bankruptcy estate." In re Wash. Mut., Inc., 408 B.R. 45, 50 (Bankr. D. Del. 2009).

47. Pursuant to Rule 2004(c), an examination may be conducted "within or without the district in which the case is pending". Fed. R. Bankr. P. 2004(c).

48. Therefore, examination under Rule 2004(b) may include within the scope, among other things: any matter which may relate to the property and assets of the estate; the financial condition of the debtor; any matter which may affect the administration of the estate.

49. A third party who can be shown to have a relationship with the debtor may be subject to a Rule 2004 examination. See In re Ionosphere Clubs, Inc., 156 B.R. 414, 432 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994).

50. Upon information and belief, the Trustee asserts that Boustead's substantial relationship with the Debtor provides sufficient grounds to subject Boustead to a Rule 2004 Examination. The Trustee believes that conducting such examination will allow the Trustee to gain a better understanding of the Debtor's bankruptcy estate and potential causes of actions.

WHEREFORE, the Trustee respectfully request that Boustead's Motion to Quash be denied its entirety and an Order be entered requiring a representative of Boustead to submit to a sworn examination under Rule 2004 within three weeks of the date of said Order.

Dated: March 19, 2020

Respectfully submitted,

BERNSTEIN-BURKLEY, P.C.

By: */s/ Keila Estevez*
Keila Estevez, Esq. (PA I.D.: 324601)
John J. Richardson, Esq. (PA I.D.: 86045)
707 Grant Street
Suite 2200, Gulf Tower
Pittsburgh, PA 15219
Phone: (412) 456-8100
Fax:    (412) 456-8135
Email: kestevez@bernsteinlaw.com

*Special Counsel for Trustee*