IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| : | Case No. 18-24070-GLT |
| ONEJET, INC. : | |
| : | Chapter 7 |
| Debtor. : | |
| : | |
| ROSEMARY C. CRAWFORD, : | |
| Chapter 7 Trustee, | |
| : | |
| Movant, : | |
| : | |
| v. : | |
| : | |
| MATTHEW MAGUIRE, : | |
| : | |
| Respondent. : | |

**LIMITED OBJECTION OF MATTHEW MAGUIRE TO TRUSTEE'S MOTION FOR RULE 2004 DOCUMENT PRODUCTION AND EXAMINATION**

NOW COMES Matthew R. Maguire, by and through his counsel, Post & Schell, P.C., and files this Limited Objection to Trustee's Motion for Rule 2004 Document Production and Examination of Matthew Maguire (the "Limited Objection") and in support thereof states as follows:

1. On October 17, 2018, an involuntary petition under Chapter 7 of the United States Bankruptcy Code was filed against OneJet, Inc. (the "Debtor") in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Petition").

2. On November 13, 2018, the Bankruptcy Court entered the Order for Relief.

3. Prior to the filing of the Petition, Matthew R. Maguire ("Maguire") acted as the Chief Executive Officer of the Debtor.

20212527v1

4.  On November 13, 2018, Rosemary C. Crawford, Esquire was appointed as the Chapter 7 Trustee in this matter (the "Trustee").

5.  Subsequently, the Trustee retained the firm of Bernstein-Burkley, P.C. as special counsel (the "Trustee's Counsel"), which retention was approved by Order of the Bankruptcy Court on February 27, 2019.

6.  As an initial matter, Maguire wants to make clear that the purpose of this Limited Objection is not the stymie the Trustee's Counsel's efforts to investigate matters associated with the OneJet bankruptcy, but to clarify the record, detail the efforts made to date and the efforts which are on-going, and to highlight the logistical and other challenges being encountered.

7.  In 2019, Maguire, through his counsel Robert Dauer, provided the Trustee with information and contact information regarding OneJet's webmail provider, contact information for OneJet's former Chief Information Officer, and contact information for Matthew McDaniel, the forensic accountant hired by OneJet in summer of 2018 who collected and organized significant information regarding OneJet's financial affairs, including invoices, contracts, and other items.

8.  While the Trustee's Counsel and counsel for Maguire did have some intermittent contact and discussions in 2019, including the exchange of some information, no significant interaction commenced until late January 2020, approximately 90 days ago.

9.  On January 27, 2020, the Trustee's Counsel sent a letter relative to certain outstanding requests, attached to which was a form of proposed Subpoena for Rule 2004 Examination. The Trustee's Counsel's January 27, 2020 letter is attached as Exhibit A.

10. The proposed Subpoena contained a page entitled "Document Requests" which listed eight enumerated document requests.

11. On February 7, 2020, Maguire responded to the January 27, 2020 letter, providing a paragraph by paragraph response to the Trustee's Counsel's open issues. A copy of the February 7, 2020 response is attached as Exhibit B.

12. While Maguire and his counsel were working on issues relative to the proposed Subpoena, on February 20, 2020, the Trustee's Counsel provided an expanded form of Subpoena and then, on March 3, 2020, the Trustee's Counsel updated the form of Subpoena for Rule 2004 Examination (the "Revised Subpoena"). A copy of the Revised Subpoena is attached as Exhibit C.

13. The Revised Subpoena, as well as the one attached to the February 20, 2020 letter, also had a "Documents Request" attached, but the list of documents expanded from the eight enumerated document requests contained in the proposed Subpoena attached to the January 27, 2020 letter to 25 enumerated document requests, more than three times as many as initially sought.

14. Importantly, subsequent to the February 20, 2020 issuance of the expanded form of Subpoena but prior to the issuance of the March 3, 2020 Revised Subpoena, on February 27, 2020, Maguire responded to the Trustee's Counsel by providing written responses to some of the questions posed by the Trustee's Counsel. A copy of the February 27, 2020 response is attached as Exhibit D.

15. Thereafter, on April 7, 2020, the Trustee's Counsel made additional document requests, or perhaps clarifications of earlier requests, expanding the list of requested information to include, among other things, "all statements, call logs and text logs showing the phone numbers relative to all incoming and outgoing calls and texts. Mr. Maguire should be able to

obtain those statements from his service provider." This request covers the period from 2014 to the present.

16. It should also be noted that the Trustee's Counsel and Maguire's counsel have been in fairly regular contact since February 2020 covering topics such as discovery, the Estate of Patrick J. Maguire, the necessity of a Confidentiality Agreement or Protective Order for produced information, and the retention of an information technology specialist firm to assist in the discovery and document production processes. This is not an instance where one party has gone silent with respect to the other party's discovery requests.

17. Once the scope of Trustee's Counsel's requests became clear, it was evident that the production of documents would be a major undertaking. Accordingly, Maguire's counsel contacted Cornerstone Discovery ("Cornerstone"), an information technology and forensic specialist firm based in Philadelphia and obtained a proposal.

18. As part of the process of the production of documents, Maguire has included the Trustee's Counsel in the process of interviewing and in the process of deciding to retain Cornerstone Discovery, as well as the formulation of the search terms to be applied by Cornerstone to the retrieved documents.

19. In March 2020, Maguire retained Cornerstone Discovery and, as an accommodation to the bankruptcy estate, is paying the cost associated with their services.

20. On March 19, 2020, as part of this collaborative effort, the Trustee's Counsel provided a list of 21 names of individuals to counsel for Maguire and to Cornerstone that it desired to be incorporated into a search.

21. Cornerstone has utilized the search terms provided by the Trustee's Counsel as well as dozens of additional search terms from Maguire and his counsel.

22. It should be noted that Cornerstone has performed a variety of services with respect to these issues. They have downloaded from the cloud Maguire's Gmail account, imaged the hard drive on his laptop for remote collection, and has imaged his iPhone. These tasks have resulted in the retrieval of a substantial volume of potentially responsive emails and documents. Cornerstone's efforts are especially noteworthy as the Covid-19 pandemic has seriously hampered their typical data retrieval and compilation processes.

23. In order to apprise the Trustee's Counsel and the Bankruptcy Court of the scope of the anticipated document production, the following information provided by Cornerstone on April 23, 2020 is noted:

a. The total number of emails associated with the Gmail account: 169,177 emails and 211,136 total files.

b. The adjusted number of emails associated with the Gmail account after application of the search terms: 69,974 emails and 95,102 total files.

c. The adjusted number of emails associated with the Gmail account after application of the search terms <u>plus</u> a date limitation of 2015 through 2018 (the years during which the Debtor operated): 10,156 emails and 12,147 total files.

d. The total number of emails contained on the laptop: 10,643 emails and 597,482 total files.

e. The adjusted number of emails contained on the laptop after application of the search terms: 10,601 emails and 19,078 total files.

f. The adjusted number of emails contained on the laptop after application of the search terms <u>plus</u> a date limitation of 2015 through 2018: 10,586 emails and 17,424 total files.

    g. As of the date of this Limited Objection, the forensics team at Cornerstone is still working with the iPhone.

  It is important to note that these figures have not yet been correlated with actual documents, some of which will be irrelevant or potentially non-responsive. As a result, the actual number of documents produced may vary and can only be determined after completion of a review.

  24. In addition to Maguire's devices, Maguire has been assembling materials that are in his possession, including, but not limited to, bank statements, credit card statements, and tax returns. Given that the Trustee's Counsel is asking from everything since January 1, 2014 to present, a period of in excess of six years, this is not a simple task.

  25. Even a cursory review of the Trustee's Counsel's 25 document requests issued on March 3, 2020 reveal the vast scope of what the Trustee's counsel is seeking. This is not a simple exercise of pulling a few things together, but a major document production which will total what, in all likelihood, will be in excess of 100,000 pages.

  26. In addition, many of the Trustee's Counsel's document requests are problematic at best, objectionable at worst.

  27. While Maguire can certainly assemble documents and information in his possession, the Trustee's Counsel is asking for things that are not in his possession, relate to other individuals and entities, and are so broad in scope as to be oppressive. Specifically, the Trustee's counsel is asking for cell phones and laptop computers used by Patrick Maguire from 2014 to the present to conduct OneJet related business or communications. Matthew Maguire simply does not have those devices which belonged to his father who passed away on December 21, 2019. That request is more appropriately directed to the Estate of Patrick J. Maguire.

Nevertheless, Matthew Maguire, in the spirit of good faith and cooperation with the Trustee, is working on obtaining the devices, which will also be analyzed at Maguire's expense by Cornerstone. The Trustee's Counsel is seeking similar information from Matt Maguire relative to other third parties, including Primair Venture Partners, Maguire/Maguire, Inc., Jean Rieke, OneJet Aircraft Holdings, LLC, Maguire Aircraft Holdings LLC, and Spinnaker Aircraft Holding LLC. Again, Matthew Maguire is seeking to work with the Trustee and to be cooperative, but these individuals and entities are separate legal entities, and additional effort is therefore involved.

28.     A related issue is the Trustee's Counsel's stated desire to take the deposition of Maguire. While this is customary and normal, and Maguire has no issue in submitting to a deposition, given the Covid-19 pandemic, it is problematic at this time.

29.     The Trustee's Counsel has suggested taking the deposition of Maguire via internet-based video given the lockdowns, stay-at-home orders, travel restrictions, and other impediments.

30.     Maguire objects to an internet-based video deposition for a number of reasons, not the least of which is that Maguire's right to counsel would be unacceptably compromised. Such a process would place him at a legal disadvantage in that he would not be in the same location as his counsel and his ability to confer effectively with his counsel during the deposition would be adversely affected. Moreover, Maguire, because of the current lock-down measures in place, and Maguire's counsel would not be able to adequately prepare for the deposition without meeting in person to go over the operative documents. The current technology is simply not sufficient to protect Maguire's right to effective counsel.

31. Logistically, this approach is problematic given the substantial number of documents that are potentially responsive. Moreover, any type of split screen with documents being placed on a screen along with the deponent and counsel is a recipe for confusion and likely impossible without multiple, large computer screens. A single, simple laptop will not suffice for something of this nature.

32. It also needs to be taken into consideration that the Trustee's Counsel will certainly be using documents not produced by Maguire, but by other third parties. Asking Maguire to address documents produced by third parties where his ability to review or perhaps even read the document on a computer screen is severely constrained is inherently unfair to the deponent. Simply put, it is not practical to conduct a deposition of this type via some type of internet-based video process.

33. Given the voluminous amount of documents that are likely to be produced to the Trustee's Counsel and given the Trustee's Counsel stated desire to review the documents prior to a deposition of Maguire as noted in the Trustee's Rule 2004 Motion, it is respectfully suggested that the issue of the deposition be revisited after completion of the document production. This may enable the situation with the Covid-19 pandemic and its impact on all sorts of issues to perhaps become somewhat more clear.

34. Matthew Maguire asserts that all of these factors, from the sheer scope of the requested discovery to the impact of the Covid-19 pandemic, have made the issues raised by the Trustee's Counsel in the Rule 2004 Motion all the more complicated. Maguire is working diligently and consistently with his counsel, with Cornerstone Discovery, and with others to be responsive to the Trustee's Counsel's requests, at no small cost and expense to himself.

35. As is clear from the above details contained in this Limited Objection, Matthew Maguire has been diligently working on this since the Trustee's Counsel's January 27, 2020 request. The reality is simply that a document production of this scope cannot be done within the space of a month when a worldwide pandemic is interfering with the ability to quickly and efficiently achieve the production in multiple ways.

36. Based upon correspondence, Maguire anticipates that the parties will develop, in the near future, a mutually acceptable form of Confidentiality Agreement covering the documents produced in response to the Trustee's Document Requests and/or a Protective Order for submission to the Court.

37. Maguire believes, and therefore asserts, that the Trustee's Counsel's timeline is unduly compressed and that the parties should revisit these issues with the Court in thirty days, either through a continued telephonic hearing or through submission of a joint status report.

WHEREFORE, for the reasons set forth above, Matthew R. Maguire respectfully requests that this Honorable Court enter an Order setting this matter for a Status Conference in June 2020 or, alternatively, directing the parties to file a joint status report by June 12, 2020, and granting such further relief as may be necessary or appropriate.

Respectfully submitted,

POST & SCHELL, P.C.

By: */s/ Brian W. Bisignani*
Brian W. Bisignani, Esquire
1869 Charter Lane
P.O. Box 10248
Lancaster, PA 17605-0248
Phone: (717) 612-6041
Fax: (717) 291-1609
bbisignani@postschell.com

and

John N. Joseph, Esquire
1600 John F. Kennedy Blvd., 13th Floor
Philadelphia, PA 19103
Phone: (215) 587-1000
Fax: (215) 587-14444
jjoseph@postschell.com

Counsel for: Matthew R. Maguire