IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Case No. 18-24070-GLT |
| ONEJET, INC. | : | |
| | : | Chapter 7 |
| Debtor. | : | |
| | : | |
| ROSEMARY C. CRAWFORD, | : | |
| Chapter 7 Trustee, | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | |
| | : | |
| JEAN A. RIEKE, | : | |
| | : | |
| Respondent. | : | |

**LIMITED OBJECTION OF JEAN A. RIEKE TO TRUSTEE'S MOTION FOR RULE
2004 DOCUMENT PRODUCTION AND EXAMINATION**

NOW COMES Jean A. Rieke, by and through her counsel, Post & Schell, P.C., and files this Limited Objection to Trustee's Motion for Rule 2004 Document Production and Examination of Jean Rieke (the "Limited Objection") and in support thereof states as follows:

1.      On October 17, 2018, an involuntary petition under Chapter 7 of the United States Bankruptcy Code was filed against OneJet, Inc. (the "Debtor") in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Petition").

2.      On November 13, 2018, the Bankruptcy Court entered the Order for Relief.

3.      On November 13, 2018, Rosemary C. Crawford, Esquire was appointed as the Chapter 7 Trustee in this matter (the "Trustee").

4.      Subsequently, the Trustee retained the firm of Bernstein-Burkley, P.C. as special counsel (the "Trustee's Counsel"), which retention was approved by Order of the Bankruptcy Court on February 27, 2019.

5.      As an initial matter, Jean A. Rieke wants to make it clear that the purpose of this Limited Objection is not to stymie the Trustee's Counsel's efforts to investigate matters associated with the OneJet bankruptcy, but to clarify the record, detail the efforts made to date and the efforts which are on-going, and to highlight the logistical and other challenges being encountered.

6.      On February 20, 2020, the Trustee's Counsel sent Jean Rieke a letter with a proposed Subpoena for Rule 2004 Examination, a copy of which is attached as Exhibit A.

7.      The proposed Subpoena requested a Rule 2004 examination of Ms. Rieke and further contained a list of 21 separate and extensive document requests.

8.      Ms. Rieke is the mother of Matthew R. Maguire. Matthew R. Maguire acted as the Chief Executive Officer of the Debtor.

9.      Ms. Rieke is a resident of Larkspur, California, in the San Francisco Bay Area, is 76 years old, and is at high risk for the Covid-19 virus, having both undergone open heart surgery last year and presently diagnosed with high risk neurological issues. California is presently under a strict "shelter in place" order, with an even stricter recommendation for older residents to remain isolated wherever possible.

10.     In March 2020, after receipt of the letter from the Trustee's Counsel, Jean Rieke retained Post & Schell, P.C. to represent her in this matter.

11.     Since March 18, 2020, California has been under a strict lock-down due to the Covid-19 pandemic. Prior to the statewide lock-down in California, the San Francisco Bay Area and the six Bay Area counties had imposed their own form of a strict lock-down. As a result, Ms. Rieke has been sheltering in her home.

12.     The document requests sent to Ms. Rieke are extensive and voluminous. Even a cursory examination of the 21 separate requests, many having multiple parts, demonstrate the complexity of compiling the information. Many of these requests include retrieval of documents from various electronic devices, including computers and phones, belonging to multiple parties. Other document requests by the Trustee's Counsel will require assistance from and coordination with third parties. Ms. Rieke's computer skills are limited and she will require in person assistance to not only determine appropriately relevant responses but also to physically compile the information.

13.     As part of the process of the production of documents from Matthew Maguire by the Trustee's Counsel, Matthew Maguire has included the Trustee's Counsel in the process of interviewing and retaining of Cornerstone Discovery ("Cornerstone"), as well as the formulation of search terms. Cornerstone is an information technology and forensic specialist firm based in Philadelphia.

14.     In March 2020, Matthew Maguire retained Cornerstone Discovery and, as an accommodation to the bankruptcy estate, is paying the cost associated with their services.

15.     On March 19, 2020, as part of this collaborative effort, the Trustee's Counsel provided a list of 21 names of individuals to counsel for Matthew Maguire and to Cornerstone that it desired to be incorporated into a search.

16.     It is Matthew Maguire's intention to include the devices belonging to Jean Rieke, the Estate of Patrick J. Maguire, and Maguire/Maguire, Inc., all of which are the subject of the Trustee's Counsel's requests, in the forensic process being performed by Cornerstone.

17.     Cornerstone Discovery has been unable to access the devices belonging to Jean Rieke, the Estate of Patrick J. Maguire, or Maguire/Maguire, Inc. due to the fact that all those

devices are in California and severe travel restrictions remain in place both in Pennsylvania, where Cornerstone is based, and California, where the devices are located.

18.     Cornerstone has attempted to locate a subcontractor to visit the locations in California where the devices are present, but without success. Once physically possible and legally permissible, Cornerstone plans to send technicians to assist with the retrieval.

19.     Ms. Rieke believes, and therefore avers, that many of the documents sought by the Trustee's Counsel in the Document Requests contained in the proposed Subpoena are confidential and contain personal, non-public information about her and her financial and other affairs. As a result, Ms. Rieke believes that an appropriate form of Confidentiality Agreement covering the documents produced and/or a Protective Order would be appropriate under the circumstances. Ms. Rieke assumes that such safeguards and protocols as contained in a Confidentiality Agreement or Protective Order as to her confidential information would be acceptable to the Trustee's Counsel.

20.     Ms. Rieke is not trying to be non-responsive to the Trustee's Counsel, but the reality is that certain things are beyond her control at the moment, all of which impact her ability to comply and respond to the Trustee's Counsel's requests.

21.     Once Ms. Rieke is able to comply with the Trustee's Counsel's document request as detailed above and the Trustee's Counsel has the ability to review the documents produced, it is respectfully suggested that the details of and protocols for a deposition of Ms. Rieke then be determined.

22.     Ms. Rieke believes, and therefore avers, that the Trustee's Counsel's timeline is unduly compressed and that the parties should revisit these issues with the Court in thirty days, either through a continued telephonic hearing or through submission of a joint status report.

WHEREFORE, for the reasons set forth above, Jean A. Rieke  respectfully requests that

this Honorable Court enter an Order setting this matter for a Status Conference in June 2020 or,

alternatively, directing the parties to file a joint status report by June 12, 2020, and granting such

further relief as may be necessary or appropriate.

Respectfully submitted,

POST & SCHELL, P.C.

By: */s/ Brian W. Bisignani*
    Brian W. Bisignani, Esquire
    1869 Charter Lane
    P.O. Box 10248
    Lancaster, PA 17605-0248
    Phone: (717) 612-6041
    Fax: (717) 291-1609
    bbisignani@postschell.com

and

John N. Joseph, Esquire
1600 John F. Kennedy Blvd., 13th Floor
Philadelphia, PA 19103
Phone: (215) 587-1000
Fax: (215) 587-14444
jjoseph@postschell.com

Counsel for: Jean A. Rieke