**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br><br>ONE JET, INC.,<br><br>　　　　Debtor.<br><br>ROSEMARY C. CRAWFORD, Chapter 7 Trustee, | Bankruptcy No. 18-24070-GLT<br><br><br>Chapter 7 |
| **BOUSTEAD'S UNOPPOSED MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER** | |

　　　　Pursuant to Fed. R. Civ. P. 26(c)(1) and Fed. R. Bk. 7026, Third-Party Boustead Securities, LLC ("Boustead") by and through its respective counsel, respectfully requests the entry of the Stipulated Protective Order sent to the Court via CM/ECF in connection with this motion (the "Protective Order"), as follows:

**1.**　　**Definitions.**　As used in this protective order:

　　(a)　"attorney" means an attorney who has appeared in this action for one of the Parties;

　　(b)　"attorneys' eyes only" means a document designated as only being able to be viewed by the Trustee's or Boustead's attorneys and their respective expert witnesses under this protective order;

　　(c)　"confidential document" means a document designated as confidential under this protective order;

4837-5447-2121.2

(d) to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

(e) "document" means information disclosed or produced in discovery, including at a deposition;

(f) "notice" or "notify" means written notice;

(g) "party" means a party to this action; and

(h) "protected document" means a document protected by a privilege or the work-product doctrine.

(i) "Trustee" means Rosemary C. Crawford, Chapter 7 Trustee, and all attorneys engaged by her for this matter.

2. **Designating a Document or Deposition as Confidential or Attorneys Eyes Only.**

(a) A party or non-party disclosing or producing a document may designate it as confidential or attorneys' eyes only if the party or non-party contends that it contains confidential or proprietary information.

(b) A party or non-party may designate a document as confidential or attorneys' eyes only by conspicuously marking each page with the word "confidential" or "attorneys' eyes only."

(c) Deposition testimony may be designated as confidential or attorneys' eyes only:

(1) on the record at the deposition; or

(2) after the deposition, by promptly notifying the parties and those who were present at the deposition.

(d) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential or attorneys' eyes only documents.

**3. Who May Receive a Confidential or Attorneys' Eyes Only Document.**

(a) A confidential or attorneys' eyes only document may be used only in this action.

(b) Any information, testimony, or documents obtained through the Rule 2004 examination of Boustead shall be retained solely by the Trustee and her professionals and shall not be distributed or shared in any way with the plaintiffs or plaintiffs' counsel in *Woody Partners et al. v. Maguire et al.*, Adv No. 19-02134-GLT unless or until Boustead is no longer a party in the case or the Court lifts the stay of discovery in that adversary proceeding.

(c) No person receiving a confidential or attorneys' eyes only document may reveal it, except to:

(1) the court and its staff;

(2) an attorney or an attorney's partner, associate, or staff;

(3) a court reporter or videographer retained in connection with this action; and

(4) any person who:

(A) is an expert witness retained to assist a party or attorney with this action; and

4837-5447-2121.2

        (B)    signs a declaration that contains the person's name, address, employer, and title, and that is in substantially the same form as contained in "Exhibit A";

    (d)    If a confidential or attorneys' eyes only document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

**4.**     **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential or attorneys' eyes only document may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential or attorneys' eyes only document.

**5.**     **Use of a Confidential or Attorneys' Eyes Only Document in Court.**

    (a)    Filing. This protective order does not authorize the filing of any document under seal. Filing documents marked "Confidential" may only be accomplished by following section 5(b), below. Documents marked "Attorneys' Eyes Only" may not be filed with the Court, whether under seal or otherwise, unless agreed to by Boustead or by leave of Court.

    (b)    Presentation at a hearing or trial. A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court. A document marked "Confidential" may be filed with the Court, under seal, and the other party or non-party may object to such filing. The party seeking to file "Confidential" documents with the Court, under seal, must notify the other party or non-party at least seventy-two (72) hours prior to filing the "Confidential Document".

4837-5447-2121.2

**6.   Changing a Confidential or Attorneys' Eyes Only Document's Designation.**

(a)   Document disclosed or produced by a party. A confidential or attorneys' eyes only document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

(b)   Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c) and Fed. R. Bk. P. 7026.

**7.   Handling a Confidential or Attorneys' Eyes Only Document after Termination of Litigation.**

(a)   Within 60 days after the termination of this action (including any appeals), each party must:

(1)   return or destroy all confidential and attorneys' eyes only documents; and

(2)   notify the disclosing or producing party that it has returned or destroyed all confidential or attorneys' eyes only documents within the 60-day period.

(b)   Notwithstanding paragraph 7(a), each attorney may retain a copy of any confidential or attorneys' eyes only document submitted to the court.

**8.   Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a)   Notice.

4837-5447-2121.2

        (1)    A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

        (2)    A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

    (b)    Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Bk. P. 7026.

**9.**     **Security Precautions and Data Breaches.**

    (a)    Each party must make reasonable efforts to protect the confidentiality of any confidential or attorneys' eyes only document disclosed or produced to that party.

    (b)    A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**10.**     **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

    **WHEREFORE**, Boustead respectfully requests that the Court enter the Stipulated Protective Order in this action, and provide such other and further relief as this Court deems just and proper.

4837-5447-2121.2

|  |  |
|---|---|
| Dated: May 22, 2020 | **Kutak Rock, LLP**<br><br>By: */s/ Andrew R. Shedlock*<br>    Christopher P. Parrington, *Pro Hac Vice*<br>    Andrew R. Shedlock, *Pro Hac Vice*<br>    60 South Sixth Street, Suite 3400<br>    Minneapolis, MN 55402<br>    (612) 334-5000<br>    Christopher.Parrington@kutakrock.com<br>    Andrew.Shedlock@kutakrock.com<br><br>\*\*\*and\*\*\*<br><br>By: */s/ Jason L Ott*<br>    Jason L. Ott (PA. Bar No. 307212)<br>    Jackson Kelly, PLLC<br>    501 Grant Street, Suite 1010<br>    Pittsburgh, PA 15219<br>    Phone: 412-434-7617<br>    jason.ott@jacksonkelly.com<br><br>***Attorneys for Third-Party Boustead Securities, LLC***<br><br>\*\*\*and\*\*\*\*<br><br>By: */s/ John J. Richardson*<br>    John J. Richardson (PA I.D. 324601)<br>    Bernstein-Buckley, P.C.<br>    700 Grant Street, Suite 2200<br>    Gulf Tower<br>    Pittsburgh, PA 15219<br>    Phone: 412-456-8100<br>    jrichardson@bernsteinlaw.com<br><br>***Special Counsel for Trustee*** |

4837-5447-2121.2

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [full name], of _____

_____ [full address and telephone number], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States Bankruptcy Court for the Western District of Pennsylvania on _____ [date] in the matter of *In re OneJet, Inc.*, Case No. 18-24070-GLT. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the Western District of Pennsylvania for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [full name] of _____

_____ [full address and telephone number] as my Pennsylvania agent for service of process in connection with this action or any proceedings related to enforcement of the Stipulated Protective Order.

| | |
|---|---|
| Date | Printed Name |

| | |
|---|---|
| City and State where sworn and signed | Signature |

4837-5447-2121.2