IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>ONEJET, INC.,<br><br>　　　　　　　　　Debtor.<br><br>ROSEMARY C. CRAWFORD,<br>Chapter 7 Trustee,<br><br>　　　　　　　　　Movant,<br><br>v.<br><br>JEAN RIEKE,<br><br>　　　　　　　　　Respondent. | Bankruptcy No. 18-24070-GLT<br><br>Chapter 7 |

### EXPEDITED MOTION FOR RULE 2004 DOCUMENT PRODUCTION OF JEAN RIEKE

Rosemary C. Crawford (the "Trustee"), the chapter 7 trustee for the estate of OneJet, Inc. ("OneJet"), by and through her undersigned counsel, files this *Expedited Motion for Rule 2004 Document Production of Jean Rieke* ("Motion"), and states in support thereof as follows:

### JURISDICTION AND VENUE

1.　　The United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b) (2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

2. On October 17, 2018, petitioning creditors filed an involuntary petition for relief under chapter 7 title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") against OneJet, Inc. (the "Debtor").

3. On November 13, 2018, the Court entered an order for relief [Doc. No. 28], granting the Petition against the Debtor.

4. On November 13, 2018, the Trustee was appointed to administer the estate of the Debtor.

5. On February 27, 2019, the Court entered an Order authorizing the employment of the law firm of Bernstein-Burkley, P.C. as special counsel for the Trustee ("Special Counsel").

6. Jean Rieke ("Rieke") is the mother of Matthew Maguire ("Maguire"), the former President/CEO of the Debtor.

7. Maguire exercised complete and total control over all aspects of the Debtor's business, particularly with respect to finances and operations.

8. Rieke, along with her late husband, Patrick Maguire, was an officer, director and early investor in Debtor. Rieke and Patrick Maguire, through entities they owned and controlled known as Maguire/Maguire, Inc. ("Maguire/Maguire") and Primair Venture Partners ("PVP"), invested millions of dollars in the Debtor and received substantial payments from the Debtor, most of which were undocumented.

9. Rieke is represented by the same counsel that represents her son, Maguire, in this matter.

10. Pursuant to local rule W.PA.LBR 2004-1, on February 20, 2020, Special Counsel sent a letter to Rieke's counsel to arrange for an agreeable date, place, and time for an examination

pursuant to Fed. R. Bankr. P. 2004. A copy of Special Counsel's meet-and-confer letter dated February 20, 2020 is attached hereto as **Exhibit A**.

11. Special Counsel's February 20, 2020 meet-and-confer letter also included a Subpoena (the "Subpoena") with attached document requests. (*See* Exhibit A).

12. As of April 7, 2020, Rieke had failed and/or refused to produce any responsive documents, and to provide dates and times on which she would submit to a sworn examination. Consequently, on the same date, Special Counsel requested the Court's assistance in moving the Trustee's investigation forward by filing a *Motion for Rule 2004 Document Production and Examination of Jean Rieke* [Doc. No. 324] (the "Rule 2004 Motion").

13. The Court conducted a telephonic hearing on May 12, 2020 and granted the Trustee's Rule 2004 Motion by Order dated May 15, 2020 [Doc. No. 354], a copy of which is attached hereto as **Exhibit B**. The Order directs Rieke to produce all documents responsive to the Subpoena within her possession, custody or control no later than June 30, 2020, and to submit to a sworn examination within fourteen (14) days thereafter.

14. As of the date of this Motion, Rieke has failed and/or refused to produce any responsive documents as required by the Court's May 15, 2020 Order.

15. Special Counsel has identified a court reporting service that can facilitate a remote video examination of Rieke, which would allow Rieke, her counsel and Special counsel to participate remotely while being able to view all exhibits on their computer screens as the examination is conducted.

16. However, Rieke's examination cannot be scheduled because Special Counsel requires that Rieke produce responsive documents in advance of the examination so that adequate

time is permitted for review and to provide and coordinate exhibits with the court reporting services' remote deposition facilitator.

17. Furthermore, Special Counsel has an urgent need for documents responsive to the Subpoena, most notably documents relating to the financial relationship between the Debtor and Maguire/Maguire, Inc. and PVP, so that they can be reviewed prior to, and potentially used during, a remote Rule 2004 examination of Maguire scheduled to commence on July 28, 2020.

## BASIS FOR RELIEF

18. Bankruptcy Rule 2004(a) provides that on the "motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a).

19. Bankruptcy Rule 2004(b) provides that an examination under the Rule may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." Fed. R. Bankr. P. 2004(b).

20. Discovery under Bankruptcy Rule 2004 includes within its scope, inter alia, any matter that may relate to the property and assets of the estate; the financial condition of the debtor; and any matter that may affect the administration of a debtor's estate. *See* Fed. R. Bankr. P. 2004(b); see also In re Teleglobe Commc'ns Corp., 493 F.3d 345, 354 n.6 (3d Cir. 2007)

21. "The purpose of the examination is to enable the trustee to discover the nature and extent of the bankruptcy estate." In re Wash. Mut., Inc., 408 B.R. 45, 50 (Bankr. D. Del. 2009).

22. Pursuant to Rule 2004(c), an examination may be conducted "within or without the district in which the case is pending." Fed. R. Bankr. P. 2004(c).

23. Therefore, examination under Rule 2004(b) may include within the scope, among other things: any matter which may relate to the property and assets of the estate; the financial condition of the debtor; any matter which may affect the administration of the estate. *In re*

*Teleglobe Communications Corp.*, 493 F.3d 345, 354 n.6 (3d Cir. 2007) (Rule 2004 allows parties with an interest in the bankruptcy estate to conduct discovery into matters affecting the estate).

24. A third party who can be shown to have a relationship with the debtor may be subject to a Rule 2004 examination. See In re Ionosphere Clubs, Inc., 156 B.R. 414, 432 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994).

25. The scope of inquiry under Bankruptcy Rule 2004 is broad because "[t]he purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Recoton Corp.,* 307 B.R. 751 755 (Bankr. S.D.N.Y. 2004).

26. As the Court's May 15, 2020 Order acknowledges, the documentation and examination the Trustee seeks via the Subpoena and this Motion is well within the broad scope of Rule 2004, especially in view of Rieke's status as an officer, director and investor in the Debtor, her close familial relationship with Maguire and the wholesale control that Maguire exercised over the finances and operations of the Debtor.

## REQUEST FOR AN EXPEDITED HEARING

27. The Trustee respectfully requests that this Honorable Court grant an expedited hearing on its Expedited Motion for 2004 Document Production of Jean Rieke and for the Motion to be heard within ten (10) days of the date of the filing of this Motion.

28. An expedited hearing on the Motion is necessary so that the documents, previously ordered to be produced, can be reviewed prior to, and potentially used during, a remote Rule 2004 examination of Maguire, scheduled to commence on July 28, 2020.

## RELIEF REQUESTED

29. The Trustee respectfully request that this Court enter an Order granting her Motion and providing the following relief:

(a) compelling Rieke to produce all documents within her possession, custody or control that are responsive to the document requests included in the Subpoena within five (5) days of the date of said Order; and

(b) compelling Rieke to submit to a sworn examination under Rule 2004 (by videoconference if necessary due to coronavirus concerns) within twenty-one (21) days of the date of said Order.

Dated: July 7, 2020

Respectfully submitted,

BERNSTEIN-BURKLEY, P.C.

By: */s/John J. Richardson*
John J. Richardson, Esq. (PA. I.D. 86045)
707 Grant Street
Suite 2200, Gulf Tower
Pittsburgh, PA 15219
Phone: (412) 456-8167
Fax:    (412) 456-8135
Email: jrichardson@bernsteinlaw.com

*Special Counsel to the Trustee*