## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement (the "Agreement") is made this 5th day of November, 2020, by and between Rosemary S. Crawford, the Chapter 7 Trustee of the Estate of One Jet, Inc. (the "Trustee"), and Travelport International Operations Ltd ("Travelport"). The Trustee and Travelport may hereinafter be referred to, individually, as "Party" or, collectively, as "Parties."

WHEREAS, on October 17, 2018 (the "Petition Date"), petitioning creditors filed an involuntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") at case number 18-24070-GLT (the "Case"); and

WHEREAS, On November 13, 2018, the Court entered an order for relief, granting the Petition against One Jet, Inc. (the "Debtor"); and

WHEREAS, on November 13, 2018, the Court appointed Rosemary S. Crawford as the chapter 7 trustee in the Case and, pursuant to section 704 of the Bankruptcy Code, the Trustee has the right and authority to commence, prosecute and compromise all of the Debtor's and the estate's claims and causes of actions, including actions under sections 547 and 550 of the Bankruptcy Code to recover payments made to the Debtor's creditors prior to the Petition Date; and

WHEREAS, on February 27, 2019, the Court entered an order approving Kirk B. Burkley and Bernstein-Burkley, P.C. as Special Counsel to the Trustee ("Counsel") to pursue potential preference actions and collect outstanding accounts receivables; and

WHEREAS, section 547(b) of the Bankruptcy Code provides for the recovery of transfers made to creditors during the ninety (90) day period prior to the Petition Date (the "Preference Period"), which in this Case covers transfers that occurred between July 19, 2018, through and including October 17, 2018; and

WHEREAS, on July 08, 2019, Counsel sent a written Notice of Intended Litigation (the "Notice") to Travelport demanding payment of $25,000.00 representing the value of transfers made by the Debtor to Travelport during the Preference Period; and

WHEREAS, Travelport disputes that the transfers allegedly made by the Debtor to Travelport are avoidable or recoverable by the Trustee and has asserted affirmative defenses thereto; and

WHEREAS, the Parties engaged in negotiations that resulted in an amicable resolution of the Notice; and

NOW, THEREFORE, for and in consideration of the mutual promises and covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledge, and intending to be bound legally hereby, the Parties agree as follows:

1. **Recitals.** Each of the foregoing recitals are incorporated by reference and made a part of this Agreement, although no admission of liability is thereby made by virtue of this incorporation.

2. **Effective Date.** This Agreement shall become effective on the fifteenth (15th) day following the entry of an appropriate order by the Court approving the terms and conditions of this Agreement (the "Effective Date").

3. **General Representations.** The Parties hereby represent that they were and at all times remain fully and legally authorized and competent to execute, enter into and perform their obligations under this Agreement.

4. **Settlement**

    a. In accordance with the terms of this Agreement, Travelport or an affiliate thereof shall pay to the Trustee the amount of $12,312.59 (the "Settlement Payment") in full and complete settlement of all matters related to the Notice and as consideration for as well as in furtherance of the releases set forth in this Agreement.

b. The Settlement Payment shall be made by Travelport or an affiliate thereof within ten (10) business days of the Effective Date, payable to "Bernstein- Burkley, counsel for Rosemary S. Crawford, Trustee" and mailed to Kirk B. Burkley, Esq., Bernstein-Burkley, P.C., 2200 Gulf Tower, 707 Grant Street, Pittsburgh, PA 15219 or by wire or other electronic transfer at instructions to be provided.

5. **Release of Travelport.** Upon receipt of the Settlement Payment and the entry of the Order approving this settlement, the Trustee, on behalf of her successors and assigns, and on behalf of the Debtor's bankruptcy estate and its successors and assigns, waives and releases any and all claims that the Trustee, the Debtor, or the Debtor's estate may possess against Travelport, its officers, directors, employees, representatives, affiliates, predecessors, successors, assigns or counsel, including but not limited to, all claims arising under chapter 5 of the Bankruptcy Code and/or asserted in the Notice.

6. **Release of the Trustee and Debtor.** Upon the entry of the Order approving this settlement, Travelport, its officers, directors, employees, representatives, affiliates, predecessors, successors, assigns or counsel, waives and releases any and all claims that Travelport, its officers, directors, employees, representatives, affiliates, predecessors, successors, assigns or counsel may possess against the Debtor, the Debtor's estate, the Trustee, and the Trustee's counsel, including any filed or scheduled claims and/or claims under 502(h) that may exist as a result of this settlement.

7. **Tolling of the statute of limitations.** The Parties agree that any and all statute of limitations to the Trustee to bring an action against Travelport under section 547 of the Bankruptcy Code are hereby tolled for the period of sixty (60) days from the execution of this agreement or for the period of fifteen (15) days from the entry of an order denying this settlement, whichever occurs later.

8. **Miscellaneous Terms and Conditions.**

a. This Agreement contains the complete agreement among the Parties. All material representations, understandings, and promises of the Parties are contained herein. This Agreement may only be modified or amended in a written document signed by the Parties.

b. This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, without regard to principles of conflicts of law, the Bankruptcy Code, and under the jurisdiction of the Bankruptcy Court. Should any provisions of this Agreement be held invalid or unenforceable, all other provisions shall nevertheless continue in full force and effect.

c. This Agreement shall be binding upon the Parties, their predecessors, successors, parents, subsidiaries, affiliates, assigns, agents, directors, officers, employees and stockholders.

d. This Agreement may be executed in counterparts and may be delivered by facsimile or electronic mail. Any copy so executed and delivered, when taken with another executed copy, shall be considered and deemed an original hereof.

e. The undersigned persons each represent and warrant that they are legally authorized to enter into this Agreement.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK – SIGNATURE PAGE TO FOLLOW]

DM3\7141052.3

IN WITNESS WHEREOF, the Parties, intending to be legally bound, have caused this Agreement to be duly executed on the date ascribed above.

| | |
|---|---|
| Travelport International Operations Ltd.<br><br>By: *Jarret P. Hitchings*<br>Jarret P. Hitchings, Esq.<br>PA ID No. 312254<br>Duane Morris LLP<br>222 Delaware Avenue, Suite 1600<br>Wilmington, DE 19801-1659<br>Phone: (302) 657 4952<br>Fax: (302) 397 2740<br>JPHitchings@duanemorris.com<br><br>*Attorneys for Travelport International Operations Ltd* | One Jet, Inc. and The Bankruptcy Estate of One Jet, Inc.<br><br>By: *Rosemary C. Crawford*<br>Rosemary C. Crawford, Trustee<br>PA ID No. 56981<br>crawfordmcdonald@aol.com<br>Crawford McDonald, LLC<br>P.O. Box 355<br>Allison Park, PA 15101<br>T: (724) 443-4757<br><br>*Chapter 7 Trustee for the Estate of One Jet, Inc.*<br><br>BERNSTEIN-BURKLEY, PC<br><br>By: *Kirk B. Burkley*<br>Kirk B. Burkley, Esq.<br>PA ID No. 89511<br>kburkley@bernsteinlaw.com<br>707 Grant Street, Suite 2200<br>Pittsburgh, PA 15219<br>T: (412) 456-8100<br>F: (412) 456-8135<br><br>*Special Counsel to the Trustee* |