# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>ONE JET, INC.,<br><br>　　　　　　　Debtor.<br>ROSEMARY C. CRAWFORD, Chapter 7 Trustee,<br><br>　　　　　　　Movant,<br><br>　　v.<br><br>NO RESPONDENTS. | Bankr. Case No. 18-24070-GLT<br><br>Chapter 7 |

### MOTION TO APPROVE SETTLEMENT AGREEMENT PURSUANT TO
### RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Rosemary C. Crawford (the "Trustee"), in her capacity as chapter 7 trustee of the Estate of One Jet, Inc. (the "Debtor"), by and through the undersigned counsel, files the following *Motion to Approve Settlement Agreement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "Motion") and in support hereof states as follows:

### JURISDICTION AND VENUE

1.　　The United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") has jurisdiction over this motion pursuant to 28 U.S.C. §157(a). This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

2.　　Venue is proper in this Court under 28 U.S.C. §§ 1409 and 1409.

3.　　Section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), and Federal Rules of Bankruptcy Procedure (the "FRBP") 9014 and 9019 serve as the statutory predicates for the relief hereinafter requested.

FACTUAL BACKGROUND

4. On October 17, 2018 (the "Petition Date"), petitioning creditors filed an involuntary petition for relief under chapter 7 of title 11 of the Bankruptcy Code against the Debtor in this Court at Case Number 18-24070-GLT (the "Case").

5. On November 13, 2018 the Court appointed Rosemary S. Crawford as the chapter 7 trustee in the Case.

6. On or about February 27, 2019, the Court entered an order authorizing the Employment of Kirk B. Burkley and Bernstein-Burkley, P.C. as Special Counsel to the Trustee ("Special Counsel") [Doc 451].

7. Special Counsel thoroughly reviewed the Debtor's records, including banking and payment documentation. Special Counsel identified documentation that showed potential claims under Section 547 of the Bankruptcy Code for transfers made during the ninety (90) day period prior to the Petition Date, from July 19, 2018 to October 17, 2018 (the "Preference Period"). Special Counsel conferred with the Trustee, and determined that the appropriate course was to send an initial letter to Jet Support Services, Inc. ("JSSI").

8. On July 08, 2019, Special Counsel sent a written demand for payment (the "Demand") to JSSI requesting payment for the value of transfers made by the Debtor to JSSI during the Preference Period.

9. The financial records reflected that the transfers were made to or for the benefit of JSSI in a total amount no less than $248,006.32 during the Preference Period.

10. In response to the Demand, JSSI asserted various defenses under section 547(c) of the Bankruptcy Code, including ordinary course of business defense.

11. On January 10, 2020, Special counsel sent JSSI a request for document production pursuant to Local Bankruptcy Rule 2004-1(b).

12. On January 31, 2020, JSSI provided copy of invoices, payment history, and service contract, which were not in the Debtor's records, pertaining to the transactions between the Debtor and JSSI during the entirety of the parties business relationship.

13. The Trustee and Special Counsel reviewed the documentation provided by JSSI and analyzed the likelihood of recovery against JSSI and the additional cost to be incurred in further litigation in an adversary proceeding.

14. JSSI and the Trustee (collectively, the "Parties") engaged in negotiations that resulted in an amicable resolution of the Demand, resulting in the Parties entering into a Settlement Agreement and Mutual Release (the "Agreement").  A true and correct copy of the Agreement is attached hereto and incorporated herein as **Exhibit A**.

## RELIEF REQUESTED

15. By this Motion, the Trustee seeks the entry of an order pursuant to section 105(a) of the Bankruptcy Code and Rule 9019 of the FRBP, substantially in the form attached hereto, approving the Agreement and granting such other and further relief as this Court deems just and proper.

## BASIS FOR RELIEF REQUESTED

16. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "the court may issue any order . . . necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." See 11 U.S.C. § 105(a).  In addition, Federal Rule of Bankruptcy Procedure 9019(a) provides that "on motion by the trustee and after a hearing, the Court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

17. In approving a proposed compromise or settlement, the Bankruptcy Court is required to make an "informed and independent judgment" as to whether the compromise or settlement is "fair and equitable," based on an:

> Educated estimate of the complexity, expense, and likely duration of . . . litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*Protective Comm. v. Anderson*, 390 U.S. 414, 424 (1968).

18. Guided by *Protective Comm.*, the Third Circuit established four criteria that the Bankruptcy Court should consider when ruling on a motion to approve settlement: (i) the probability of success in litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of creditors. *Morane v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); *see also Cameron & Mittleman v. Gibbons (In re RFE Indus., Inc.)*, 283 F.3d 159 (3d Cir. 2002).

19. When reviewing settlements, the Bankruptcy Court is not required to decide the numerous questions of law and fact raised by the parties. *See In re W.T. Grant Co.,* 699 F.2d 599, 608 (2d Cir. 1983); *Neshaminy Office Bldg. Assoc.,* 62 B.R. 798 (E.D. Pa. 1986). Instead, the Bankruptcy Court will canvass the issues and see if the settlement falls below the lowest point in the range of reasonableness. *Id*.

20. The Trustee submits that the proposed settlement surpasses the lowest point in the range of reasonableness. In exercising her business judgment, the Trustee has determined that the documentation provided by JSSI weakens the Trustee's ability to recover against JSSI for the transfers made during the Preference Period.

21. The Trustee has determined that a complaint against JSSI is unlikely to result in recovery that exceeds the amount of the settlement.

22. The Trustee submits that the Agreement meets the criteria established by Protective Comm. and the Martin factors. Settling preference actions is in the best interest of the Debtor's creditors because settlement payments will fund distributions to all creditors.

23. Based on the foregoing, the Trustee believes that it is in the best interests of the Debtor's estate and creditors to approve this Motion and attached Agreement.

WHEREFORE, Rosemary C. Crawford, Chapter 7 Trustee of the Estate of One Jet, Inc., respectfully requests that this Honorable Court enter an order substantially in the form attached hereto (i) approving this Motion, (ii) approving the Agreement, and (iii) granting such other relief as this Court deems just and proper.

Dated: November 19, 2020

BERNSTEIN-BURKLEY, PC

By: /s/ Keila Estevez
Keila Estevez, Esquire
PA ID No. 324601
kestevez@bernsteinlaw.com
Kirk B. Burkley, Esquire
PA ID No. 89511
kburkley@bernsteinlaw.com
707 Grant Street, Suite 2200
Pittsburgh, PA 15219
T: (412) 456-8100
F: (412) 456-8135

*Special Counsel to Rosemary S. Crawford, Chapter 7 Trustee*